IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-RTG

CHRISTOPHER LEE REYNOLDS,

    Plaintiff,

v.

UNKNOWN SERGEANT, Colorado State Patrol phone ending #6388,
BRADLEY SPARGUR, Colorado State Patrol Trooper, and
ROBERT HOWELL, Colorado State Patrol Trooper,
CLAYTON J. AINKLEY, Representative for Colorado State Patrol, Second Assistant
    Attorney General/ Tort Litigation Unit, Colorado Department of Law,
ALLISON AILER, Representative for Colorado State Patrol, Colorado Department of
    Law,
SCOTT NECKERS, Colorado State Trooper Robert Howell's Attorney, and
ANDREW RINGAL, Colorado State Trooper Bradley Spargur's Attorney,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff Christopher Lee Reynolds resides in Grand Junction, Colorado. He initiated this action on December 30, 2024, by submitting *pro se* a "Complaint and Jury Demand" (ECF No. 1). He also paid the $405.00 filing fee. (*See id.*). In his "Complaint and Jury Demand" (ECF No. 1), he named three Colorado State Patrol Troopers as Defendants: Unknown Sergeant, Bradley Spargur, and Robert Howell. (*See id.*). On December 31, 2024, the Court ordered Plaintiff to cure certain designated deficiencies. (ECF No. 3). In response, Plaintiff filed an Amended Complaint (ECF No.

1

7), which is the operative pleading. In the Amended Complaint, he named four additional defendants (Ainkley, Ailer, Neckers, and Ringal), all of whom appear to be attorneys representing the Colorado State Patrol and/or the named defendant troopers.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Because the Amended Complaint suffers from pleading deficiencies, the Court will direct Plaintiff to file a Second Amended Prisoner Complaint.

## I. Amended Complaint

Plaintiff's Amended Complaint (ECF No. 7) asserts three claims pursuant to 42 U.S.C. § 1983. Plaintiff's claims stem from a traffic stop on April 29, 2022, when Defendants Spargur and Howell pulled Plaintiff, who was riding his motorcycle, over in Dolores County. Defendants Spargur and Howell questioned Plaintiff, searched him and his motorcycle, and seized his personal belongings and motorcycle. Plaintiff alleges that no tickets, warnings, or summons were issued to Mr. Reynolds. Mr. Reynolds was left hundreds of miles from home with no transportation and without any of his personal belongings, including his daily medications. It appears that Mr. Reynolds was eventually charged with an unspecified crime stemming from the April 29, 2022 traffic stop. He spent 188 days in the Montezuma County Jail. However, evidence acquired by the

police after the seizure of Plaintiff's motorcycle was deemed inadmissible. According to Plaintiff, the criminal case against him was completely dismissed on December 2, 2022.

Plaintiff alleges that the Colorado State Patrol conducted an internal affairs investigation and concluded that Defendants Howell and Spargur violated Plaintiff's rights. Mr. Reynolds, through counsel, attempted to reach a settlement with the Colorado State Patrol. Defendants Ankley and Ailer, who are attorneys with the Colorado Attorney General's Office, offered a settlement to Mr. Reynolds. Mr. Reynolds was not satisfied with the settlement offer, and at some point, his counsel stopped representing him. However, Plaintiff continued without counsel to try to reach a settlement. According to Mr. Reynolds, Defendants Ailer and Ankley, who represented the Colorado State Patrol during settlement negotiations, proceeded at a "notably slow pace," and "investigations have extended over several months, with email responses occasionally taking weeks," which "reflect[s] a troubling disregard for the statute of limitations in this matter." (ECF No. 7 at 8).

His three asserted claims are:

1. "42 U.S.C.§ 1983- Violations of the Fourth Amendment of the United States Constitution- Several different violations that fall under this same amendment: 1. Unlawful Search and Seizure[;] 2. Miraculous [sic] prosecution[;] 3. False arrest[;] 4. Police misconduct/ unprofessionalism[; and] 5. Abuse of authority (against Bradley Spargur and Robert Howell of the Colorado State Patrol, Unknown "Sergeant" phone #6388)[;]"

2. "Colo. Rev. Stat. § 13-21-131 – Violation of Colo. Const. Art. II, Section 7 – Unlawful Search and Seizure (against Bradley Spargur, Robert Howell, Unknown "Sergeant" #6388)[;]" and

3

> 3. "Violations of the 14th Amendment right of the United [S]tates Constitution, Right to Due Process, section one: (against Bradley Spargur, Robert Howell, Unknown "Sergeant" of Colorado State Patrol)."

(ECF No. 7 at 17-21). Plaintiff seeks damages and unspecified declaratory, injunctive, and equitable relief. (*Id.* at 21-22).

## II. Discussion

Plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to adequately allege the personal participation of each named defendant in a constitutional violation.

### A. Rule 8 of the Federal Rules of Civil Procedure

Plaintiff must file a Second Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief.

*See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Here, Plaintiff's Amended Complaint does not contain allegations that, if proven, show that he is entitled to relief against Defendants Unknown Sergeant, Ankley, Ailer, Neckers, and Ringal. In any amended pleading, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

### B. Personal Participation

An issue closely related to Rule 8 is personal participation. Plaintiff's pleading fails to allege the personal participation of Defendants Unknown Sergeant, Ankley, Ailer, Neckers, and Ringal. Allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (explaining that individual liability must be based on personal involvement in the alleged constitutional violation). Plaintiff must allege specific facts that make clear who did what to whom. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). Furthermore, although a

defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

In the Amended Complaint, Plaintiff asserts claims against Defendants Unknown Sergeant, Spargur, and Howell. However, there are no specific factual allegations as to what Defendant Unknown Sergeant did that violated Plaintiff's rights. Further, there are no claims asserted against Defendants Ankley, Ailer, Neckers, and Ringal. It is unclear if Plaintiff intended to name Neckers and Ringal as Defendants; although he listed them in the caption of the complaint, they are not listed as individual defendants in the body of the complaint. Plaintiff should clarify exactly who are the named defendants, and he should adequately allege the personal participation of each named defendant and specify what claims are asserted against them. In the alternative, Plaintiff may submit a Second Amended Complaint that does not include Unknown Sergeant, Ankley, Ailer, Neckers, and Ringal as Defendants.

Plaintiff is notified that he may contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

### III. Conclusion

For the reasons set forth above, it is

ORDERED that Plaintiff shall file, **within thirty (30) days from the date of this order**, a Second Amended Prisoner Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Prisoner Complaint as directed within the time allowed, the claims against Defendants Unknown Sergeant, Ankley, Ailer, Neckers, and Ringal will be dismissed without prejudice and without further notice for the reasons discussed above. It is

FURTHER ORDERED that Defendants are notified that this case is in initial review pursuant to D.C.COLO.LCivR 8.1. Therefore, Defendants are not required to answer or otherwise respond to the Amended Complaint at this time.

DATED January 29, 2025.

BY THE COURT:

*Richard T. Gurley*

_____
Richard T. Gurley
United States Magistrate Judge