IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-PAB-NRN

CHRISTOPHER L. REYNOLDS,

 Plaintiff,

v.

BRADLEY SPARGUR, Colorado State Patrol Trooper, and
ROBERT HOWELL, Colorado State Patrol Trooper,

 Defendants.

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND FROM DEFENDANT BRADLEY SPARGUR AND DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant Bradley Spargur, by and through his counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully submits this Answer to Plaintiff's Second Amended Complaint and Jury Demand from Defendant Bradley Spargur and Defendant's Demand for Jury Trial, as follows:

### INTRODUCTION

1. Defendant Bradley Spargur ("Defendant") admits he interacted with Plaintiff Christopher Reynolds ("Plaintiff") along with Robert Howell and other law enforcement officers on April 29, 2022. Defendant denies he violated any of the Plaintiff's constitutional rights. Defendant denies Plaintiff states any cognizable claim against the Defendants. Defendant denies Plaintiff is entitled to any relief sought in the Plaintiff's Second Amended Complaint and Jury

Demand [ECF 19] ("Plaintiff's SAC") against the Defendants. Defendant denies the remaining allegations in paragraph 1 of Plaintiff's SAC.

2. Defendant denies the allegations in paragraph 2 of Plaintiff's SAC.

3. Defendant admits the District Court, Dolores County, State of Colorado, Case No. 22CR5 ("State District Court"), issued an Order determining the seizure of the Plaintiff's motorcycle was unlawful. Defendant states the order of the State District Court in its entirety speaks for itself. Defendant denies the allegations in paragraph 3 of Plaintiff's SAC inconsistent therewith. Defendant states the Order of the State District Court is irrelevant to the Plaintiff's claims against the Defendants. Defendant admits the criminal case against the Plaintiff was dismissed by the District Attorney. Defendant states the dismissal of the criminal case by the District Attorney is irrelevant to the Plaintiff's claims against the Defendants. Defendant denies the remaining allegations in paragraph 3 of Plaintiff's SAC.

4. Defendant admits the Colorado State Patrol ("CSP") investigated its officers' interactions with the Plaintiff and determined there were alleged violations of CSP policy. Defendant states the Internal Investigation Summaries of the CSP in their entirety speak for themselves. Defendant denies the allegations in paragraph 4 of Plaintiff's SAC inconsistent therewith. Defendant denies he violated any policy of the CSP. Defendant states the determinations of alleged policy violations by the CSP is irrelevant to the Plaintiff's claims against the Defendants. Defendant denies the remaining allegations in paragraph 4 of Plaintiff's SAC.

5. Defendant denies the allegations in paragraph 5 of Plaintiff's SAC.

## JURISDICTION AND VENUE

6. Defendant admits Plaintiff attempts a variety of claims against the Defendants. Defendant denies Plaintiff states any cognizable claim against the Defendants. Defendant denies Plaintiff is entitled to any relief sought in the Plaintiff's SAC against the Defendants. Defendant admits this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's SAC.

7. Defendant admits venue is proper before this Court pursuant to 28 U.S.C. § 1391. Defendant denies the remaining allegations in paragraph 7 of Plaintiff's SAC.

## PARTIES

8. Based on information and belief, Defendant admits Plaintiff resides in the State of Colorado. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiff's SAC and therefore denies same.

9. Defendant admits he is a citizen and resident of the State of Colorado. Defendant admits he was previously employed by the CSP. Defendant admits he generally acted under color of state law during his employment with the CSP. Defendant denies the remaining allegations in paragraph 9 of Plaintiff's SAC.

10. Defendant admits Defendant Howell was employed by the CSP during the time Defendant was also so employed by the CSP. Defendant admits Defendant Howell generally acted under color of state law during his employment with the CSP. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 of Plaintiff's SAC and therefore denies same.

3

## FACTUAL ALLEGATIONS

11. Defendant admits Plaintiff was driving a Harley Davidson Motorcycle on April 29, 2022, in Delores County, Colorado. Defendant denies the remaining allegations in paragraph 11 of Plaintiff's SAC.

12. Defendant admits the registered owner of the Harley Davidson Motorcycle driven by Plaintiff on April 29, 2022, was Gage Reynolds who on information and belief Defendant admits is Plaintiff's son. Defendant is without sufficient knowledge or information to form a belief as to whether Gage Reynolds let Plaintiff borrow his motorcycle and therefore denies this allegation. Defendant denies the remaining allegations in paragraph 12 of Plaintiff's SAC.

13. Defendant admits he was a peace officer working for the CSP during his interactions with the Plaintiff on April 29, 2022.

14. Defendant admits Undersheriff Purket and Deputy Kelshaw of the Dolores County Sheriff's Office observed and identified the Plaintiff on April 29, 2022. Defendant admits he and Defendant Howell were contacted about the Plaintiff on April 29, 2022. Defendant denies the remaining allegations in paragraph 14 of Plaintiff's SAC.

15. Defendant admits he and Defendant Howell activated their emergency lights and initiated a traffic stop of the Plaintiff at 23:00 hours on H 491 near MP 50.2 on April 29, 2022. Defendant denies the remaining allegations in paragraph 15 of Plaintiff's SAC.

16. Defendant admits due to reports from other officers, Plaintiff's lengthy criminal history with drugs and their common association with firearms, Defendant and Defendant Howell determined a high-risk traffic stop would be appropriate for their safety and the safety of the

4

general public. Defendant admits a high-risk traffic stop was performed on Plaintiff on April 29, 2022. Defendant denies the remaining allegations in paragraph 16 of Plaintiff's SAC.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's SAC.

18. Defendant admits prior to the traffic stop of the Plaintiff on April 29, 2022, he was notified by the Montezuma/Cortez Drug Task Force that they had credible information that Plaintiff was routinely transporting drugs on a Harley Davidson motorcycle. Defendant denies the remaining allegations in paragraph 18 of Plaintiff's SAC.

19. Defendant admits after Plaintiff was pulled over Plaintiff was not fully compliant with verbal commands and had to be ordered several times to keep his hands over his head and visible. Defendant admits he performed a pat down search of Plaintiff's person for weapons for the safety of the officers and the Plaintiff. Defendant denies the remaining allegations in paragraph 19 of Plaintiff's SAC.

20. Defendant admits the pat down search of the Plaintiff did not find any weapons on Plaintiff's person. Defendant denies the pat down search was for the purpose of searching for any drugs or other contraband on Plaintiff's person. Defendant denies the remaining allegations in paragraph 20 of Plaintiff's SAC.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's SAC.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's SAC.

23. Defendant admits during the traffic stop he and Defendant Howell discussed the issue of the lights on the motorcycle violating Colorado law with the Plaintiff. Defendant denies the remaining allegations in paragraph 23 of Plaintiff's SAC.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's SAC.

25. Defendant admits Plaintiff was informed the officers were going to perform a weapons frisk inside the saddlebags and backpack on the motorcycle to ensure there were no firearms present for officer safety reasons. Defendant admits officers performed a weapons frisk inside the saddlebags and backpack on the motorcycle for officer safety reasons based on the totality of the circumstances of the situation and specifically Plaintiff's only being semi-compliant, Plaintiff's lengthy criminal history, the officer safety flag for firearms on Plaintiff's record, Plaintiff's multiple felony convictions, Plaintiff pulling over and manipulating his saddlebags after seeing the Dolores County Deputies, the actions of Plaintiff during the traffic stop, and the understanding Plaintiff was familiar with the motorcycle and would know where a weapon was stored should he choose to escalate which would give him the upper hand over the officers. Defendant denies the remaining allegations in paragraph 25 of Plaintiff's SAC.

26. Defendant states Plaintiff's consent was not necessary for the weapons frisk inside the saddlebags and backpack on the motorcycle. Defendant denies the remaining allegations in paragraph 26 of Plaintiff's SAC.

27. Defendant states Plaintiff's consent was not necessary for the weapons frisk inside the saddlebags and backpack on the motorcycle. Defendant admits the officers performed a weapons frisk inside the saddlebags and backpack on the motorcycle for officer safety reasons. Defendant denies the remaining allegations in paragraph 27 of Plaintiff's SAC.

28. Defendant admits the weapons frisk inside the saddlebags and backpack on the motorcycle cleared with no evident firearms. Defendant denies the weapons frisk inside the saddlebags and backpack on the motorcycle was for the purpose of searching for any contraband. Defendant denies the remaining allegations in paragraph 28 of Plaintiff's SAC.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's SAC.

30. Defendant admits Plaintiff was informed the officers were going to perform a weapons frisk inside the saddlebags and backpack on the motorcycle to ensure there were no firearms present for officer safety reasons. Defendant admits officers performed a weapons frisk inside the saddlebags and backpack on the motorcycle for officer safety reasons based on the totality of the circumstances of the situation and specifically Plaintiff's only being semi-compliant, Plaintiff's lengthy criminal history, the officer safety flag for firearms on Plaintiff's record, Plaintiff's multiple felony convictions, Plaintiff pulling over and manipulating his saddlebags after seeing the Dolores County Deputies, the actions of Plaintiff during the traffic stop, and the understanding Plaintiff was familiar with the motorcycle and would know where a weapon was stored should he choose to escalate which would give him the upper hand over the officers. Defendant denies the remaining allegations in paragraph 30 of Plaintiff's SAC.

31. Defendant admits he explained to Plaintiff the motorcycle would be towed due to the headlamps and until the registered owner of the motorcycle was able to provide registration for the motorcycle. Defendant denies the remaining allegations in paragraph 31 of Plaintiff's SAC.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's SAC.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's SAC.

34. Defendant admits he explained to Plaintiff the motorcycle would be towed due to the headlamps and until the registered owner of the motorcycle was able to provide registration for the motorcycle. Defendant denies the remaining allegations in paragraph 34 of Plaintiff's SAC.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's SAC.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's SAC.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's SAC.

38. Defendant admits Plaintiff left the scene of the traffic stop. Defendant denies the remaining allegations in paragraph 38 of Plaintiff's SAC.

39. Defendant admits there was discussion about conducting an inventory search of the motorcycle on April 29, 2022. Defendant denies the remaining allegations in paragraph 39 of Plaintiff's SAC.

40. Defendant admits an inventory search was conducted of the motorcycle on April 29, 2022. Defendant denies the remaining allegations in paragraph 40 of Plaintiff's SAC.

41. Defendant admits during the inventory search in the left saddlebag there was a large duffle that zipped from the top with the zippers being connected with a combination lock. Defendant admits during the inventory search the duffle bag was lifted to clear underneath it and when that occurred Defendant could plainly feel a long, hard cylindrical object which could easily be the barrel of a gun. Defendant denies the remaining allegations in paragraph 41 of the Plaintiff's SAC.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's SAC.

43. Defendant admits he authored an Affidavit for the Issuance of a Search Warrant dated April 30, 2022. Defendant states the Affidavit for the Issuance of a Search Warrant in its entirety speaks for itself. Defendant admits a judge issued a search warrant authorizing the search of the motorcycle. Defendant denies the remaining allegations in paragraph 43 of Plaintiff's SAC.

44. Defendant admits the motorcycle was searched pursuant to the search warrant and inside the locked duffle bag in the left saddlebag on the motorcycle a Smith & Wesson BodyGuard 380 pistol with extended magazine and 9 rounds of ammo, 52 grams of methamphetamine in a

clear plastic bag, and 93 grams of methamphetamine in a clear baggy were found. Defendant denies the remaining allegations in paragraph 44 of Plaintiff's SAC.

45. Defendant admits he authored an Affidavit for the Issuance of an Arrest Warrant dated May 5, 2022. Defendant states the Affidavit for the Issuance of an Arrest Warrant in its entirety speaks for itself. Defendant admits a judge issued an arrest warrant authorizing the arrest of the Plaintiff and the Plaintiff was arrested. Defendant admits upon information and belief Plaintiff remained in custody following his arrest. Defendant denies the remaining allegations in paragraph 45 of Plaintiff's SAC.

46. Defendant admits Plaintiff filed Defendant Christopher Reynolds' Motion to Suppress in the District Court, Dolores County, State of Colorado, Case No. 22CR5 on August 11, 2022 ("Motion"). Defendant states the Motion in its entirety speaks for itself. Defendant denies the remaining allegations in paragraph 46 of Plaintiff's SAC.

47. Defendant admits the State District Court issued an Order determining the seizure of the Plaintiff's motorcycle was unlawful. Defendant states the Order of the State District Court in its entirety speaks for itself. Defendant denies the allegations in paragraph 47 of Plaintiff's SAC inconsistent therewith. Defendant states the Order of the State District Court is irrelevant to the Plaintiff's claims against the Defendants. Defendant admits the criminal case against the Plaintiff was dismissed by the District Attorney. Defendant states the dismissal of the criminal case by the District Attorney is irrelevant to the Plaintiff's claims against the Defendants. Defendant denies the remaining allegations in paragraph 47 of Plaintiff's SAC.

48. Defendant admits the CSP investigated its officers' interactions with the Plaintiff and determined there were alleged violations of policy. Defendant states the Internal Investigation

Summaries of the CSP in their entirety speak for themselves. Defendant denies the allegations in paragraph 48 of Plaintiff's SAC inconsistent therewith. Defendant denies he violated any policy of the CSP. Defendant states the determinations of alleged policy violations by the CSP is irrelevant to the Plaintiff's claims against the Defendants. Defendant denies the remaining allegations in paragraph 48, including all the allegations in all the subparagraphs contained in paragraph 48, of Plaintiff's SAC.

49. Defendant denies the allegations in paragraph 49 of Plaintiff's SAC.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983—Violation of Fourth Amendment—Unlawful Seizure
Against All Defendants)

50. Defendant incorporates by reference his responses to the allegations in paragraphs 1-49 of Plaintiff's SAC as his response to the allegations in paragraph 50 of Plaintiff's SAC as if fully set forth herein.

51. The allegations in paragraph 51 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant admits he acted under color of state law and within the course and scope of his employment with the CSP during his interactions with the Plaintiff and concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 51 of Plaintiff's SAC.

52. The allegations in paragraph 52 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant denies he violated the United States Constitution, the Colorado Constitution, federal or Colorado law in his

interactions with the Plaintiff or concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 52 of Plaintiff's SAC.

53. Defendant denies the allegations in paragraph 53 of Plaintiff's SAC.

54. Defendant denies the allegations in paragraph 54 of Plaintiff's SAC.

55. Defendant denies the allegations in paragraph 55 of Plaintiff's SAC.

56. Defendant denies the allegations in paragraph 56 of Plaintiff's SAC.

57. Defendant denies the allegations in paragraph 57 of Plaintiff's SAC.

58. Defendant denies the allegations in paragraph 58 of Plaintiff's SAC.

59. Defendant denies the allegations in paragraph 59 of Plaintiff's SAC.

60. Defendant states Plaintiff's consent was not necessary for the seizure of the motorcycle. Defendant denies the remaining allegations in paragraph 60 of Plaintiff's SAC.

61. Defendant denies the allegations in paragraph 61 of Plaintiff's SAC.

62. Defendant denies the allegations in paragraph 62 of Plaintiff's SAC.

63. Defendant denies the allegations in paragraph 63 of Plaintiff's SAC.

64. Defendant denies the allegations in paragraph 64 of Plaintiff's SAC.

65. Defendant denies the allegations in paragraph 65 of Plaintiff's SAC.

66. Defendant denies the allegations in paragraph 66 of Plaintiff's SAC.

67. Defendant denies the allegations in paragraph 67 of Plaintiff's SAC.

68. Defendant denies the allegations in paragraph 68 of Plaintiff's SAC.

**SECOND CLAIM FOR RELIEF**
(C.R.S. § 13-21-1313—Violation of Colo. Const. Art. II, § 7—Unlawful Seizure
Against All Defendants)

69. Defendant incorporates by reference his responses to the allegations in paragraphs 1-68 of Plaintiff's SAC as his response to the allegations in paragraph 69 of Plaintiff's SAC as if fully set forth herein.

70. The allegations in paragraph 70 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant admits he acted under color of state law and within the course and scope of his employment with the CSP during his interactions with the Plaintiff and concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 70 of Plaintiff's SAC.

71. The allegations in paragraph 71 of Plaintiff's SAC contain legal conclusions for which no response is required.  To the extent a response is deemed required, Defendant admits the allegations in paragraph 71 of Plaintiff's SAC.

72. The allegations in paragraph 72 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant denies he violated the United States Constitution, the Colorado Constitution, federal or Colorado law in his interactions with the Plaintiff or concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 72 of Plaintiff's SAC.

73. Defendant denies the allegations in paragraph 73 of Plaintiff's SAC.

74. Defendant denies the allegations in paragraph 74 of Plaintiff's SAC.

75. Defendant denies the allegations in paragraph 75 of Plaintiff's SAC.

76. Defendant denies the allegations in paragraph 76 of Plaintiff's SAC.

77. Defendant denies the allegations in paragraph 77 of Plaintiff's SAC.

78. Defendant denies the allegations in paragraph 78 of Plaintiff's SAC.

79. Defendant denies the allegations in paragraph 79 of Plaintiff's SAC.

80. Defendant denies the allegations in paragraph 80 of Plaintiff's SAC.

81. Defendant denies the allegations in paragraph 81 of Plaintiff's SAC.

82. Defendant denies the allegations in paragraph 82 of Plaintiff's SAC.

83. Defendant denies the allegations in paragraph 83 of Plaintiff's SAC.

84. Defendant denies the allegations in paragraph 84 of Plaintiff's SAC.

85. Defendant denies the allegations in paragraph 85 of Plaintiff's SAC.

86. Defendant denies the allegations in paragraph 86 of Plaintiff's SAC.

### THIRD CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983—Fourth Amendment—Unconstitutional Search
Against All Defendants)

87. Defendant incorporates by reference his responses to the allegations in paragraphs 1-86 of Plaintiff's SAC as his response to the allegations in paragraph 87 of Plaintiff's SAC as if fully set forth herein.

88. The allegations in paragraph 88 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant admits he acted under color of state law and within the course and scope of his employment with the CSP during his interactions with the Plaintiff and concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 88 of Plaintiff's SAC.

89. The allegations in paragraph 89 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant denies he

violated the United States Constitution, the Colorado Constitution, federal or Colorado law in his interactions with the Plaintiff or concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 89 of Plaintiff's SAC.

90. Defendant denies the allegations in paragraph 90 of Plaintiff's SAC.

91. Defendant denies the allegations in paragraph 91 of Plaintiff's SAC.

92. Defendant states Plaintiff's consent was not necessary for the seizure of the motorcycle. Defendant denies the remaining allegations in paragraph 92 of Plaintiff's SAC.

93. Defendant denies the allegations in paragraph 93 of Plaintiff's SAC.

94. Defendant denies the allegations in paragraph 94 of Plaintiff's SAC.

**FOURTH CLAIM FOR RELIEF**
(C.R.S. § 13-21-1313—Violation of Colo. Const. Art. II, § 7—Unlawful Seizure
Against All Defendants)

95. Defendant incorporates by reference his responses to the allegations in paragraphs 1-94 of Plaintiff's SAC as his response to the allegations in paragraph 95 of Plaintiff's SAC as if fully set forth herein.

96. The allegations in paragraph 96 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant admits he acted under color of state law and within the course and scope of his employment with the CSP during his interactions with the Plaintiff and concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 96 of Plaintiff's SAC.

97. The allegations in paragraph 71 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant admits the allegations in paragraph 97 of Plaintiff's SAC.

98. The allegations in paragraph 98 of Plaintiff's SAC contain legal conclusions for which no response is required. To the extent a response is deemed required, Defendant denies he violated the United States Constitution, the Colorado Constitution, federal or Colorado law in his interactions with the Plaintiff or concerning the Plaintiff. Defendant denies the remaining allegations in paragraph 98 of Plaintiff's SAC.

99. Defendant denies the allegations in paragraph 99 of Plaintiff's SAC.

100. Defendant denies the allegations in paragraph 100 of Plaintiff's SAC.

101. Defendant denies the allegations in paragraph 101 of Plaintiff's SAC.

102. Defendant denies the allegations in paragraph 102 of Plaintiff's SAC.

103. Defendant denies the allegations in paragraph 103 of Plaintiff's SAC.

104. Defendant denies the allegations in paragraph 104 of Plaintiff's SAC.

105. Defendant denies the allegations in paragraph 105 of Plaintiff's SAC.

106. Defendant denies the allegations in paragraph 106 of Plaintiff's SAC.

107. Defendant denies the allegations in paragraph 107 of Plaintiff's SAC.

108. Defendant denies the allegations in paragraph 108 of Plaintiff's SAC.

109. Defendant denies the allegations in paragraph 109 of Plaintiff's SAC.

**PRAYER FOR RELIEF**

Defendant denies the allegations under the heading "Prayer for Relief" on pages 19-20 of Plaintiff's SAC including all the allegations in subparagraphs (a) through (g).  Defendant denies Plaintiff is entitled to any of the relief sought in the Plaintiff's SAC.

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiff's SAC not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

2. Plaintiff is not entitled to any of the relief being sought or claimed under any of the legal theories against Defendant.

3. Plaintiff's damages, if any, were proximately caused by his own conduct or the conduct of others and not by reason of any unconstitutional conduct by Defendant.

4. Plaintiff may have failed to mitigate any damages he allegedly sustained as a result of the events described in Plaintiff's SAC.

5. Plaintiff's damages, if any, are not to the nature and extent alleged.

6. Defendant is entitled to qualified immunity from Plaintiff's claims under federal law against him.

7. No act or omission of Defendant caused any violation of Plaintiff's constitutional rights.

8. Some or all of Plaintiff's injuries and damages, if any, were either pre-existing or were not proximately caused by any act or omission of or by Defendant.

9. Defendant is not liable for any punitive damages under either federal or Colorado law.

10. All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under federal or Colorado law.

11. At all times pertinent herein, Defendant acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm

12. In all respects, Defendant behaved in accordance with all applicable authority in all actions or inactions associated with the Plaintiff, negating any claim of liability asserted against him.

13. Plaintiff's claims are barred by the applicable statutes of limitation.

14. Defendant's conduct was, at all times, lawful, justified, privileged and any actions complained of by Plaintiff in relation to Defendant were justified by legitimate law enforcement reasons.

15. Plaintiff's claim of punitive damages is barred, limited, reduced, or in the alternative, unconstitutional in violation of the rights of Defendant under the Due Process Clauses of the United States and Colorado Constitutions.

16. Plaintiff's claim for punitive damages under Colorado law is precluded by C.R.S. § 13-21-102(1.5)(a).

17. Defendant's conduct was undertaken with a good faith belief in the lawfulness of his actions.

18. Defendant hereby incorporates by reference all applicable defenses and affirmative defenses raised by the other Defendant in this matter in any Answer filed with the District Court.

19. Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon the commencement and completion of discovery in this matter.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Bradley Spargur, having fully answered the allegations in Plaintiff's Second Amended Complaint and Jury Demand, respectfully requests this Court dismiss it in its entirety with prejudice, enter judgment in Defendant's favor against Plaintiff, and grant such other and further relief as this Court deems just and proper.

Dated this 21st day of March, 2025.

Respectfully submitted,

*/s/ Andrew D. Ringel*  .
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANT BRADLEY SPARGUR**

## CERTIFICATE OF SERVICE (CM/ECF)

       I hereby certify that on this 21st day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served on the below-listed persons via email:

Jason M. Kosloski, Esq.
Kosloski.jason@gmail.com

Scott A. Neckers, Esq.
san@omhlaw.com

Sarah A. Thomas, Esq.
sat@omhlaw.com

                                                           s/ *Elizabeth Miller*
                                                           Legal Assistant
                                                           Hall & Evans, L.L.C.