IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03605-RTG

CHRISTOPHER LEE REYNOLDS

 Plaintiff,

v.

BRADLEY SPARGUR, Colorado State Patrol Trooper
ROBERT HOWELL, Colorado State Patrol Trooper

 Defendants.
_____

**DEFENDANT ROBERT HOWELL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND**
_____

Defendant Robert Howell ("Defendant"), by and through his attorneys Overturf McGath & Hull, P.C., hereby submits his Answer to Plaintiff's Second Amended Complaint and Jury Demand as follows:

## Introduction

1. Defendant denies the allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint.

2. Defendant denies the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint.

1

3.     Regarding paragraph 3, Defendant states that the Judge's ruling speaks for itself and that the criminal case was dismissed. Defendant denies the remaining allegations in paragraph 3.

4.     Regarding paragraph 4, Defendant admits that an internal affairs investigation occurred and the results of which speak for themselves. Defendant denies the remaining allegations in paragraph 4.

5.     Defendant denies the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

## Jurisdiction and Venue

6.     Defendant admits this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendant denies the remaining allegations in paragraphs 6 of Plaintiff's Complaint.

7.     Defendant admits venue is proper in this Court. Defendant denies the remaining allegations in paragraph 7 of Plaintiff's second amended complaint.

## Parties

8.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Second Amended Complaint and therefore denies same.

9.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Second Amended Complaint and therefore denies same.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

## Factual Allegations

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Second Amended Complaint and therefore denies same.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Second Amended Complaint and therefore denies same.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Second Amended Complaint and therefore denies same.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant admits the allegations contained in paragraph 20 of Plaintiff's Second Amended Complaint.

21. The allegations in paragraph 21 of Plaintiff's Complaint contain a legal conclusion for which no response is required. To the extent a response is required, denied.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's Second Amended Complaint and therefore denies same.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Second Amended Complaint and therefore denies same.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of Plaintiff's Second Amended Complaint and therefore denies same.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of Plaintiff's Second Amended Complaint and therefore denies same.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Second Amended Complaint and therefore denies same.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Second Amended Complaint and therefore denies same.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of Plaintiff's Second Amended Complaint and therefore denies same.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Second Amended Complaint and therefore denies same.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendant admits that the motorcycle was towed because of multiple violations and denies the remaining allegations in paragraph 34.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Second Amended Complaint and therefore denies same.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Second Amended Complaint.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Second Amended Complaint and therefore denies same.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of Plaintiff's Second Amended Complaint and therefore denies same.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Second Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Second Amended Complaint.

44. Defendant admits the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint.

45. Regarding paragraph 45, Defendant admits that Defendant Spargur authored an arrest warrant that was signed by a Judge and that Plaintiff was arrested, and that he spent time in jail. Defendant denies the remaining allegations.

46. Defendant admits the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint.

47. Defendant admits the allegations contained in paragraph 47 of Plaintiff's Second Amended Complaint.

48. Regarding paragraph 48 and its subparts, Defendant states that the internal affairs investigation and documents associated with it speak for themselves. Defendant denies the remaining allegations contained in this paragraph.

6. Regarding misnumbered paragraph 6 and its subparts, Defendant states that the internal affairs investigation and documents associated with it speak for themselves. Defendant denies the remaining allegations contained in this paragraph.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint.

### Statement of Claims for Relief
### First Claim for Relief
### 42 U.S.C. 1983 – Violation of Fourth Amendment – Unlawful Seizure

50. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-49 as his response to the allegations in paragraph 50 of Plaintiff's Second Amended Complaint as if fully set forth herein.

51. Defendant admits that he was acting under Colorado of State law and in the course and scope of his employment, but denies the remaining allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's second Amended Complaint.

60. Defendant denies that consent was necessary for the alleged seizure of the motorcycle and denies the remaining allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint.

61. Defendant denies the allegations contained in paragraph 61 of Plaintiff's Second Amended Complaint.

62. Defendant denies the allegations contained in paragraph 62 of Plaintiff's Second Amended Complaint.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's Second Amended Complaint.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67. Defendant denies the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of Plaintiff's Second Amended Complaint.

### Second Claim for Relief
### Colo. Rev. Stat. 13-21-131 – Violation of Colo. Const. Art. II, Section 7 – Unlawful Seizure

69. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-68 as his response to the allegations in paragraph 69 of Plaintiff's Second Amended Complaint as if fully set forth herein.

70. Defendant admits that he was acting under Colorado of State law and in the course and scope of his employment, but denies the remaining allegations contained in paragraph 70.

71. Defendant admits the allegations contained in paragraph 71 of Plaintiff's Second Amended Complaint.

72. The allegations in paragraph 72 of Plaintiff's Complaint contain a legal conclusion for which no response is required. To the extent a response is required, denied.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Second Amended Complaint.

74. Defendant denies the allegations contained in paragraph 74 of Plaintiff's Second Amended Complaint.

75. Defendant denies the allegations contained in paragraph 75 of Plaintiff's Second Amended Complaint.

76. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Second Amended Complaint.

77. Defendant denies the allegations contained in paragraph 77 of Plaintiff's Second Amended Complaint.

78. Defendant denies the allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint.

79. Defendant denies the allegations contained in paragraph 79 of Plaintiff's Second Amended Complaint.

80. Defendant denies the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint.

81. Defendant denies the allegations contained in paragraph 81 of Plaintiff's Second Amended Complaint.

82. Defendant denies the allegations contained in paragraph 82 of Plaintiff's Second Amended Complaint.

83. Defendant denies the allegations contained in paragraph 83 of Plaintiff's Second Amended Complaint.

84. Defendant denies the allegations contained in paragraph 84 of Plaintiff's Second Amended Complaint.

85. Defendant denies the allegations contained in paragraph 85 of Plaintiff's Second Amended Complaint.

86. Defendant denies the allegations contained in paragraph 86 of Plaintiff's Second Amended Complaint.

### Third Claim for Relief
### 42 U.S.C. 1983 – Violation of Fourth Amendment – Unconstitutional Search

87. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-86 as his response to the allegations in paragraph 87 of Plaintiff's Second Amended Complaint as if fully set forth herein.

88. Defendant admits the allegations contained in paragraph 88 of Plaintiff's Second Amended Complaint.

89. The allegations in paragraph 89 of Plaintiff's Complaint contain a legal conclusion for which no response is required. To the extent a response is required, denied.

90. Defendant denies the allegations contained in paragraph 90 of Plaintiff's Second Amended Complaint.

91. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91 of Plaintiff's Second Amended Complaint and therefore denies same.

92. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 92 of Plaintiff's Second Amended Complaint and therefore denies same.

93. Defendant denies the allegations contained in paragraph 93 of Plaintiff's Second Amended Complaint.

94. Defendant denies the allegations contained in paragraph 94 of Plaintiff's Second Amended Complaint.

### Fourth Claim for Relief
### Colo. Rev. Stat. 13-21-131 – Violation of Colo. Const. Art. II, Section 7 – Unlawful Search

95. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-94 as his response to the allegations in paragraph 95 of Plaintiff's Second Amended Complaint as if fully set forth herein.

96. Defendant admits that he was acting under Colorado of State law and in the course and scope of his employment, but denies the remaining allegations contained in paragraph 96.

97. Defendant admits the allegations contained in paragraph 97 of Plaintiff's Second Amended Complaint.

98. The allegations in paragraph 98 of Plaintiff's Complaint contain a legal conclusion for which no response is required. To the extent a response is required, denied.

99. Defendant denies the allegations contained in paragraph 99 of Plaintiff's Second Amended Complaint.

100. Defendant denies the allegations contained in paragraph 100 of Plaintiff's Second Amended Complaint.

101. Defendant denies the allegations contained in paragraph 101 of Plaintiff's Second Amended Complaint.

102. Defendant denies the allegations contained in paragraph 102 of Plaintiff's Second Amended Complaint.

103. Defendant denies the allegations contained in paragraph 103 of Plaintiff's Second Amended Complaint.

104. Defendant denies the allegations contained in paragraph 104 of Plaintiff's Second Amended Complaint.

105. Defendant denies the allegations contained in paragraph 105 of Plaintiff's Second Amended Complaint.

106. Defendant denies the allegations contained in paragraph 106 of Plaintiff's Second Amended Complaint.

107. Defendant denies the allegations contained in paragraph 107 of Plaintiff's Second Amended Complaint.

108. Defendant denies the allegations contained in paragraph 108 of Plaintiff's Second Amended Complaint.

109. Defendant denies the allegations contained in paragraph 109 of Plaintiff's Second Amended Complaint.

## Prayer for Relief

Defendant denies the allegations following the word "THEREFORE" on page 19 of Plaintiff's Second Amended Complaint including all the allegations in subparagraphs (a) through (g). Defendant denies Plaintiff is entitled to any of the relief sought in Plaintiff's Complaint.

## Jury Demand

Defendant demands a jury trial on all issues so triable.

## General Denial

Defendant denies each and every allegation in Plaintiff Second Amended Complaint not specifically admitted herein.

## Defenses

1. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

2. Plaintiff's claims are barred by the applicable statute of limitations, as he did not timely file his complaint.

3. Plaintiff's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited or qualified immunity.

4. Defendant affirmatively asserts that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States and Colorado Constitutions.

5. Defendant asserts that he followed the rules and regulations established by the Colorado State Patrol.

6. Plaintiff is not entitled to any relief being sought or claimed in his Second Amended Complaint under the legal theories asserted therein.

7. Plaintiff has failed to mitigate his damages.

8. Plaintiff's claimed damages, if any, may have been caused by third persons or entities over whom/which the Defendant did not and do not have control.

9. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and state law.

10. Plaintiff's claimed damages may have been caused by his own recklessness, negligence, or other conduct.

11. Plaintiff's claim for punitive damages under Colorado law is precluded by C.R.S. § 13-21-102(1.5)(a).

12. To the extent Plaintiff was charged with any crime(s) or offense(s), Plaintiff was and/or is guilty of any such crime(s) and offense(s).

13. Defendant had probable cause based on the totality of the circumstances to arrest and detain Plaintiff for violations of law, the United States Code and Colorado Revised Statutes.

14. Defendant had reasonable suspicion based on the totality of the circumstances to arrest and detain Plaintiff for violations of law, the United States Code and/or Colorado Revised Statutes.

15. Throughout the encounter with Plaintiff, Defendant acted in good faith as to the existence of facts supporting his conduct and is entitled to common law immunity.

16. Defendant acted under a good faith mistake as to the existence of probable cause and is entitled to Immunity.

17. C.R.S. § 13-21-131 violates Defendant's Equal Protection Rights under the United States Constitution and the Colorado Constitution and is thus void as applied to him.

18. Defendant hereby incorporates by reference all applicable defenses and affirmative defenses raised by any of the Defendant in this matter in any Answer or Motion filed by any of the other Defendant in this action.

19. Defendant reserves the right to assert additional defenses, which become known during the course of discovery, or to withdraw defenses as appropriate, subject to Rule 15 of the Federal Rules of Civil Procedure.

DATED this 21st day of March 2025.

        Respectfully submitted,

        **OVERTURF McGATH**
        **& HULL, P.C.**

By  *s/ Scott A. Neckers*
      Scott A. Neckers
      Sarah A. Thomas
      Overturf McGath & Hull, P.C.
      625 East Sixteenth Avenue, Suite 100
      Denver, Colorado 80203
      Tel: (303)860-2848
      Fax: (303) 860-2869
      san@omhlaw.com
      sat@omhlaw.com
      *Attorneys for Defendant Robert Howell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2025, I electronically filed the foregoing **DEFENDANT ROBERT HOWELL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system with service as follows:

Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff*

Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
(303) 628-3300
ringela@hallevans.com
*Attorney for Defendant Bradley Spargur*

*s/Jessica Pringle*