**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-03605-PAB-NRN

**CHRISTOPHER L. REYNOLDS,**

Plaintiff,

v.

**BRADLEY SPARGUR**, COLORADO STATE PATROL TROOPER; AND
**ROBERT HOWELL**, COLORADO STATE PATROL TROOPER,

Defendants.

## SCHEDULING ORDER

**1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL AND PRO SE PARTIES**

The scheduling conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for April 8, 2025, in front of United States Magistrate Judge N. Reid Neureiter.

Appearing for the parties are:

Counsel for Plaintiff Christopher Reynolds

Jason Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com

1

Counsel for Defendant Bradley Spargur

Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com
*Attorney for Defendant Spargur*

Counsel for Defendant Robert Howell

Scott Neckers
Overturf McGath & Hull, P.C.
625 E 16th Ave.
Denver, Colorado 80203
Tel: (303) 866-9484
san@omhlaw.com
*Attorney for Defendant Howell*

## 2. STATEMENT OF JURISDICTION

This Court possesses subject matter jurisdiction over the Plaintiff's claims against the Defendants pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:** Plaintiff alleges that Defendants Spargur and Howell seized Plaintiff using excessive force and then illegally searched and seized his motorcycle in violation of both the United States and Colorado Constitutions. Plaintiff claims that the illegal search and seizure of his motorcycle was the proximate cause of his incarceration in jail for approximately multiple months before a Colorado state court judge suppressed all evidence that was found because of the illegal search and seizure. Plaintiff brings claims under 42 U.S.C. § 1983 as well as Colorado Revised Statute § 13-21131 and Article II, Section 7 of the Colorado Constitution.

<u>Defendant Bradley Spargur</u>: Defendant Bradley Spargur denies he violated any of the Plaintiff's constitutional rights and denies he acted inappropriately in any of his interactions with Plaintiff. Defendant Spargur also denies Plaintiff is entitled to any of the relief sought in the Second Amended Complaint.

Defendant Spargur was working as a Trooper for the Colorado State Patrol on April 29, 2022, when he interacted with the Plaintiff. Defendant Spargur had legitimate law enforcement reasons supported by an appropriate legal basis for all the steps he took concerning the Plaintiff and the motorcycle driven by Plaintiff on April 29, 2022. Defendant Spargur acted reasonably, appropriately, and consistently with applicable law during his interactions with the Plaintiff and did not violate any of the Plaintiff's constitutional rights protected by either the United States Constitution or the Colorado Constitution or federal or Colorado law. Defendants relies upon the defense and affirmative defenses asserted in his Answer to Plaintiff's Second Amended Complaint filed with the Court on March 21, 2025.

<u>Defendant Robert Howell</u>: Defendant Bradley Howell denies he violated plaintiff's Federal or State Constitutional rights and denies he is liable to Plaintiff under any theory of relief. Defendant Howell also denies Plaintiff is entitled to any of the relief sought in the Second Amended Complaint. Defendant Howell has asserted various affirmative defenses in his answer to Plaintiffs' Second Amended Complaint, including but not limited to the defense that Plaintiff's complaint was not timely filed pursuant to the applicable two-year statute of limitations for these causes of action.

## 4. UNDISPUTED FACTS

a. During April and May 2022, Defendant Brandly Spargur was a peace officer employed by the Colorado State Patrol. Defendant Spargur acted under color of state law.

3

    b.  During April and May 2022, Defendant Robert Howell was a peace officer employed by the Colorado State Patrol. Defendant Howell acted under color of state law.

    c.  Defendants Spargur and Howell were working in their official capacities as peace officers/Colorado State Patrol Troopers on April 29, 2022.

    d.  On April 29, 2022, Defendants Spargur and Howell conducted a traffic stop on a motorcycle Plaintiff was driving.

    e.  Defendant Spargur authored an Affidavit for the Issuance of a Search Warrant Dated April 30, 2022, and a search warrant authorizing the search of the motorcycle driven by Plaintiff was authorized by a Colorado state court judge.

    f.  Defendant Spargur executed the search warrant on the motorcycle and located a Smith & Wesson BodyGuard 380 Pistol with an extended magazine and 9 rounds of ammunition, 52 grams of methamphetamine in a clear plastic bag, and 93 grams of methamphetamine in a clear baggy.

    g.  Defendant Spargur authored an Affidavit for the Issuance of an Arrest Warrant dated May 5, 2022, for the Plaintiff.

    h.  A state court judge issued the arrest warrant for the Plaintiff and the Plaintiff was arrested.

### 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>: Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law; all economic losses on all claims allowed by law; punitive damages on all claims allowed by

law; pre- and post-judgement interest at the lawful rate; and any further relief that the court deems just and proper, and any other relief as allowed by law. Plaintiff's damages are largely not capable of precise calculation and will instead be determined by a jury following a presentation of the evidence at trial in this matter.

Regarding damages capable of precise calculation, Plaintiff claims economic damages for the costs associated with the impoundment and repairs of his motorcycle and will provide relevant disclosures.

Defendant Spargur: Defendant Spargur does not seek damages at this time but reserves the right to seek recovery of attorney's fees and costs pursuant to applicable federal and Colorado law.

Defendant Howell: Defendant Howell does not seek damages at this time but reserves the right to seek recovery of attorney's fees and costs pursuant to applicable federal and Colorado law.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)**

a. The Fed. R. Civ. P. 26(f) meeting was conducted via Zoom videoconference on March 18, 2025.
b. Participants in the meeting were as follows:
    a. For Plaintiff, Jason Kosloski of Kosloski Law, PLLC.
    b. For Defendant Spargur: Andrew D. Ringel of Hall & Evans, LLC.
    c. For Defendant Howell: Scott Neckers of Overturf McGath & Hull, P.C.
c. Rule 26(a)(1) disclosures will be made by **April 22, 2025.**

    d.   There are no proposed changes to the timing or requirements of disclosures under Fed. R. Civ. P. 26(a)(1) other than that stated above in paragraph c.

    e.   The parties have not agreed to conduct informal discovery at this time but will continue to consider the propriety of informal discovery as the case progresses.

    f.   The parties agree to take all reasonable measures to reduce discovery and litigation costs, including the use of unified exhibit numbering system for depositions and agree to the production of all discovery electronically, where feasible.

    g.   The parties anticipate that the claims or defenses in this matter will involve the discovery of some electronically stored information. The parties agree that, to the extent feasible, the parties will exchange written documents in .pdf electronic format, unless a specific request for metadata or native format is made, in which case, the Parties will address the reasonableness of the request. The Parties agree to produce all video and audio recordings, Excel spreadsheets, and medical imaging in their native formats, where feasible.

    h.   Pursuant to Fed. R.C. Civ. P. 26(f), the parties have discussed the possibility of settlement. The parties have previously engaged in pre-filing mediation which did not result in settlement. The parties remain in discussions regarding settlement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

"Per side" or "each side" as used below refers to the Plaintiff as being one side and to the Defendants collectively as the other side.

a. The parties agree that each side may conduct ~~10~~ 6 depositions, exclusive of experts and treating physicians.

b. Any deposition of a party, a Fed. R. Civ. P. 30(b)(6) deposition of the Colorado State Patrol, expert, or treating physician shall not exceed the presumptive limit of 7 hours per deponent. All other depositions are limited to four (4) hours. The length of depositions may be altered by agreement of all Parties or upon a demonstration of good cause to the Court.

c. ~~The parties agree that they may serve up to 25 requests for production, 25 interrogatories, and 25 requests for admission per side~~. Plaintiff shall be limited to 30 interrogatories, 30 requests for production, and 30 requests for admission. Each Defendant shall be limited to 20 interrogatories, 20 requests for production, and 20 requests for admission

d. The agreed upon deadline for service of interrogatories and requests for production of documents and/or admissions is: 45 days prior to the discovery cut-off..

e. Other Planning and Discovery Orders:

    i. 1. Consistent with the notion that no opposed discovery motions can be filed with the Court until the parties comply with D.C.Colo.LCiv.R 7.1(a), if the parties are unable to reach agreement on a discovery issue after such conferral, they shall follow all discovery dispute procedures within the applicable Civil Practice Standards of the District Court or the Magistrate Judge (or both as they case may be) as to the issue. Both of these steps must be completed before any contested discovery motions can be filed with the Court.

    ii. 2. Inadvertent production of privileged or work-product protected documents, ESI or information is not a waiver of the privilege or production from discovery in this case or in any other federal or state proceeding. This section shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502.

    iii. 3. Nothing contained in this Order is intended to limit, or shall serve to limit, a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, segregation of privileged information, or segregation of otherwise protected information before production.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **June 9, 2025**.

b. Discovery Cut-off: **December 8, 2025**.

c. Dispositive Motions Deadline: **January 16, 2026**.

d. Expert Witness Disclosure:

    a. <u>Plaintiff</u>: Plaintiff anticipates potentially calling an expert witness in policing and any witnesses necessary to rebut Defendants' expert witnesses.

    b. <u>Defendant Spargur</u>: Defendant Spargur anticipates experts in the area of policing and to rebut experts endorsed by the Plaintiff.

    c. <u>Defendant Howell</u>: Defendant Howell anticipates endorsing expert witnesses in the fields of police practices and in any field necessary to rebut Plaintiff's expert witnesses.

    d. The parties propose a limit of ~~three~~ two retained experts per side.

e. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~October 8, 2025~~ **October 1, 2025**.

f. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 10, 2025**.

e. Identification of Persons to be Deposed: The parties are presently determining their discovery needs. The parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

   a. <u>Plaintiff</u>: Plaintiff anticipates taking depositions of Defendant Spargur and Defendant Howell, Detective Quinnett of the Cortez Police Department, and Undersheriff Purket and Deputy Kelshaw of the Delores County Sheriff's Office.

   b. <u>Defendant Spargur</u>: Defendant Spargur anticipates conducting the deposition of the Plaintiff, the Plaintiff's son, and other potential witnesses as identified during discovery.

   c. <u>Defendant Howell</u>: Defendant anticipates conducting the deposition of Plaintiff, Plaintiff's son, potentially Detective Quinnett of the Cortez Police Department, and one or more Colorado State Patrol internal affairs investigators once identified in disclosures and discovery.

| Name of Deponent | Date | Time | Expected Length |
|---|---|---|---|
| Plaintiff Reynolds | TVD | TBD | 7hr |
| Defendant Spargur | TBD | TBD | 7hr |

| | | | |
|---|---|---|---|
| Defendant Howell | TBD | TBD | 7hr |
| Detective Quinnett | TBD | TBD | 4hr |
| Undersheriff Purket | TBD | TBD | 4hr |
| Deputy Kelshaw | TBD | TBD | 4hr |
| Plaintiff's Son (name to be later identified | TBD | TBD | 4 hr |
| | | | |

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times:

b. A telephonic final pretrial conference will be held in this case on March 3, 2026 at 10:00 a.m. before Magistrate Judge Neureiter in Courtroom A401. Five minutes prior to the start of the hearing, the parties shall call the conference line 571-353-2301, Access Code 841686937# to participate. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

11. OTHER SCHEDULING MATTERS

a. Other than as stated herein, the Parties have no disagreement concerning discovery or scheduling issues.

b. The parties anticipate a five-day jury trial.

c. The parties do not believe any proceedings may be more effectively or economically conducted at the Court's facilities in Colorado Springs, Grand Junction, or Durango.

### 12. NOTICE OF COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D. C. COLO. L. Civ. R. 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officers presiding over this case.

With respect to discovery disputes, parties must comply with D. C. Colo. L. Civ. R. 7.1(a) and the Practice Standards established by the judicial officers presiding over this case.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of April 2025.

BY THE COURT:

*N. Reid Neureiter*

Hon. N. Reid Neureiter,
United States Magistrate Judge

APPROVED:

ATTORNEYS FOR THE PLAINTIFF

*Jason M Kosloski*
Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Reynolds*

ATTORNEYS FOR THE DEFENDANTS

*Andrew D Ringel*
Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com
*Attorney for Defendant Spargur*

*Scott A. Neckers*
Scott Neckers
Overturf McGath & Hull, P.C.
625 E 16th Ave.
Denver, Colorado 80203
Tel: (303) 866-9484
san@omhlaw.com
*Attorney for Defendant Howell*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, the foregoing **SCHEDULING ORDER** was filed using the CM/ECF e-filing system, which sends notice to the following:

Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com
*Attorney for Defendant Spargur*

Scott Neckers
Overturf McGath & Hull, P.C.
625 E 16th Ave.
Denver, Colorado 80203
Tel: (303) 866-9484
san@omhlaw.com
*Attorney for Defendant Howell*

/s/ Jason Kosloski
Jason Kosloski