**COLORADO STATE PATROL**        Trooper B. Spargur/8055        Case#5A220475_ST220144



| Case Number | Incident Date | Report Type | |
|---|---|---|---|
| 5A220475 | 04/29/2022 | Affidavit for Issuance of Arrest Warrant | |
| Other Case # | Time | Location | County |
| ST220144 | 21:45 HOURS | H 491 MP 50 | DOLORES |

DATE FILED: May 5, 2022 4:43 PM
CASE NUMBER: 2022CR148

## AFFIANT DECLARATION

I, Bradley R. Spargur, your Affiant herein, being first duly sworn and under oath, have probable cause to believe that **CHRISTOPHER REYNOLDS**, described as follows: male, adult, date of birth 12/11/1980, described as approximately 5'11", 305 Lbs., hair brown, eyes BRO, has committed the crimes listed under "Offenses" heading.

## OFFENSES

| 18-18-405 (2)(a)(I)(C) | Possession of a Schedule II Controlled Substance W/ Intent >112 grams | DF1 |
| 18-18-407 (1)(D)(I) | Possessed within his or her immediate reach, a deadly weapon in Commission of a Felony | DF1 |
| 18-18-428 | Possession of Drug Paraphernalia | DPO |
| 18-12-108 | Possession of weapons by previous offender | F5 |

## INVOLVEMENTS

**Suspect #1:**
  **CHRISTOPHER REYNOLDS**                    DOB: 12/11/1980
  620 BROKEN SPOKE RD
  GRAND JUNCTION, CO 81504

**Victims:**
  State of Colorado

## VEHICLE

**Vehicle #1:**
  2004, Harley Davidson Road King Classic Motorcycle, Blue and White,
  CO Plate : HXQ865 VIN:1HD1FRW124Y709011 with chrome high rise handlebars.

| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 1 of 7 |

**EXHIBIT A**

## GROUNDS FOR ISSUANCE OF WARRANT

1. On 04/29/2022, at approximately 21:45 hours, your Affiant, who is a uniformed member of the Colorado State Patrol, member of the Smuggling Trafficking Interdiction Section (STIS) assigned to Montezuma County Colorado, was notified of a suspicious motorcycle and rider at the Superette gas station in Dove Creek Colorado. Your affiant was notified by the Montezuma/Cortez Drug Task Force that they had credible information that Christopher Reynolds was routinely transporting drugs on a Harley Davidson motorcycle. Your Affiant was notified due to his specialization in Highway Criminal Interdiction. The motorcycle's registered owner was Gage Reynolds DOB 06/18/1999, who is the son of Christopher Reynolds. Reynolds typically transports illicit drugs from Grand Junction, Colorado to Cortez, Colorado.

2. Undersheriff Purket and Deputy Kelshaw of the Delores County Sheriffs Office identified Christopher Reynolds DOB 12/11/1980 to be the driver of the motorcycle. The deputies noted Reynolds was stopped at the gas station for over 2 hours, pacing around, removing and replacing his helmet and acting suspicious in general. Reynolds finally mounted his motorcycle and began to travel south on H 491.

3. Your Affiant and Trooper Howell were on H 491 in Pleasantview when we were notified that Reynolds had begun traveling southbound. The deputies stated that he was driving erratically and made an attempt to "lose" them while in town. The deputies observed that shortly after Reynolds began to travel he pulled over to the right shoulder of the Highway and began manipulating his saddle bags. Your Affiant was advised that Reynolds has a lengthy criminal history including felony convictions for drugs and weapons. Reynolds also has an officer safety flag for having been in possession of a modified rifle.

4. While travelling northbound on H 491 near MP 52, Your Affiant and Trooper Howell observed what appeared to be a single, extremely large and excessively bright headlight travelling southbound. Trooper Howell was able to turn around and get close enough to the motorcycle to identify the Colorado Motorcycle plate of HBQ865, which returned to a red Harley Davidson Motorcycle. The motorcycle we were behind was clearly dark blue in color.

5. Trooper Howell and Your Affiant activated their emergency overhead lights, and initiated a traffic stop through the Alamosa Regional Communication Center (ARCC) at 23:00 hours on H 491 near MP 50.2. Due to the reports from other officers, Reynolds lengthy criminal history with drugs, and their common association with firearms, it was determined that a high-risk traffic stop would be appropriate for our safety and the safety of the general public.

6. Reynolds was not fully compliant to verbal commands. He had to be ordered several times to keep his hands over his head and visible. Your Affiant performed a pat down of his person for weapons for our safety and his. Your Affiant asked him to remove his helmet and if he had any identification. Reynolds produced a CO Driver's license but was unable to produce any registration.

| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 2 of 7 |

7. Reynolds continued to be semi-compliant through out the time that your Affiant spoke with him. Again, due to the lengthy criminal history, officer safety flag for firearms, multiple felony convictions and Reynolds pulling over and manipulating his saddlebags after having seen the Dolores County Deputies, a weapons frisk was conducted on the accessible portions of the motorcycle. Reynolds was distracted, not making direct eye contact, quietly responding to questions in a mumbled tone. Reynolds was pacing and looking around constantly throughout the contact. Reynolds was semi-compliant and while we spoke with him during the traffic stop, it was necessary for our safety to ensure that there were no firearms available to him, should he choose to escalate. Under the assumption the Reynolds was familiar with the bike and would know where one was stored, he could easily, and quickly gain the upper hand. The saddlebags, and backpack on the motorcycle were quickly cleared with no evident firearms, allowing us to continue with the traffic stop in safety.

8. Reynolds was adamant not to make any attempt to look for a registration card, which was unuasual, and could not explain to your affiant why the motorcycle was a different color from what was listed on the registration. Reynolds made unclear or unrealistic claims about the bike and its registration status. Your affiant explained to Reynolds the reason for the contact and Reynolds explained that he had 5 LED driving lights mounted to the front of the motorcycle and that they were all on. Reynolds stated that he did that to avoid deer and that they were not his high beams. Your affiant explained that that was too many lights and they are too bright, causing a serious hazard to oncoming traffic.

    a. C.R.S. 42-4-212. "…any motor vehicle may be equipped with not more than two auxiliary driving lamps mounted on the front…"
    b. C.R.S. 42-4-219 "Displayed more that 4 headlamps at a time"
    c. C.R.S. 42-4-217 (1)(a) Failed to Dim Lights When Approaching an Oncoming Vehicle

9. Your Affiant explained that he would be towing the motorcycle due to the headlamps and until the registered owner could rectify the discrepancies and was able to provide registration. Reynolds had already asked once before to walk away from the contact and once he was informed that it was being towed, he again asked to leave. Your Affiant provided him with a business card listing his contact information, which company would be towing the motorcycle and stated that he was free to leave. Reynolds again began to approach the bike, Your Affiant stopped him and informed him that he could not go through the bag.

10. A brief inventory was conducted and in the left saddlebag was a large duffle style bag that zipped from the top. The zippers were connected with a combination lock. The bag was lifted to clear underneath it. Your affiant could plainly feel a long, hard cylindrical object, which could easily the barrel of a gun. It is extremely unusual that Reynolds would leave an expensive motorcycle, all of his belongings, and walk down the highway in the middle of the night, without ensuring that the motorcycle was towed without incident or that he had a ride. Nearly 40 miles from his stated destination, Reynolds made a choice to freely dissociate himself from his bike and belongings. This move was expected based on the Drug Task Force's information that he had a large load of illegal contraband. This is common for drug traffickers when they are transporting a large amount of illegal contraband and is done in an attempt to no longer have possession and avoid the consequences.

| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 3 of 7 |

**COLORADO STATE PATROL**   Trooper B. Spargur/8055   Case#5A220475_ST220144

11. According to Your Affiants training and experience he determined that he had articulable probable cause based on the information provided to him by the drug task force, along with the totality of his observations made of Reynolds and the bike during the contact, to believe that Reynolds was currently engaged in criminal activity.
On 04/30/2022 a search warrant was obtained an executed on the Harley Davidson Motorcycle resulting in the discovery of:

-52 grams of methamphetamine (presumptive positive by field test) in a clear plastic baggy.

-93 grams of methamphetamine presumptive positive by field test) in clear baggy.

-Smith & Wesson BodyGuard 380 pistol with extended magazine and 9 rounds of ammo

All found stored in the Blue duffel bag which was located in the left saddlebag.

| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 4 of 7 |

**COLORADO STATE PATROL**  Trooper B. Spargur/8055   Case#5A220475_ST220144



| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 5 of 7 |

**COLORADO STATE PATROL**          **Trooper B. Spargur/8055**        **Case#5A220475_ST220144**



12. All contraband was seized and booked into the Colorado State Patrol Durango Office Evidence Section to be sent off for precision testing. Reynolds is a convicted felon:
13. CHARGE LITERAL          DANGEROUS DRUGS  CONTROLLED SUBSTANCE-POSSESS SCHE
    TYPE/LEVEL            FELONY
    OFFENSE DATE          10/21/2000
    DOCKET                D0422001CR000017
    JUDICIAL CHARGE COUNT  8
    COURT DISPOSITION     GUILTY
    DISPOSITION DATE      07/19/2001
    SENTENCE              5.00 Y DEPARTMENT OF CORRECTIONS 206   .00 D CREDIT

Therefore, based on the foregoing, there is probable cause to believe that on or about March 21, 2022, Everisto McKinney, committed the crimes of:

18-18-405 (2)(a)(I)(C)     Possession of a Schedule II Controlled Substance W/ Intent >112 grams     DF1

18-18-407 (1)(D)(I)     Possessed within his or her immediate reach, a deadly weapon in Commission of a Felony     DF1

| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 6 of 7 |

| COLORADO STATE PATROL | Trooper B. Spargur/8055 | Case#5A220475_ST220144 |
|---|---|---|

| 18-18-428 | Possession of Drug Paraphernalia | DPO |
| 18-12-108 | Possession of weapons by previous offender | F5 |

Your Affiant hereby respectfully requests an arrest warrant of said Christopher Reynolds be issued.

FURTHER YOUR AFFIANT SAYETH NOT.

**NOTARIZATION**

_____
BRADLEY R. SPARGUR, Affiant

Subscribed and sworn to before me this 5st day of May, 2022.   Telephonically

_____
**JUDGE**

| | TROOPER / IBM | SUPERVISOR / IBM | Affidavit Date | PAGE |
|---|---|---|---|---|
| | B. R. Spargur/8055 | | 04/01/2022 | Page 7 of 7 |