IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-PAB-NRN

CHRISTOPHER LEE REYNOLDS

    Plaintiff,

v.

BRADLEY SPARGUR, Colorado State Patrol Trooper
ROBERT HOWELL, Colorado State Patrol Trooper

    Defendants.

_____

**DEFENDANTS' MOTION TO STAY OR LIMIT DISCOVERY PENDING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THEIR STATUTE OF LIMITATIONS DEFENSE**
_____

Defendants, by and through their undersigned counsel, hereby submit their Motion to Stay or Limit Discovery in this matter while this Court considers and rules on their early Motion for Summary Judgment related to Defendants' statute of limitations defense, as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the parties conferred regarding this motion. Plaintiff is opposed.

### I.    INTRODUCTION

This case arises out of traffic stop occurring on April 29, 2022, in Dolores County, Colorado and a subsequent search, arrest, incarceration, dismissal of charges, and release of the Plaintiff from custody. After Plaintiff was pulled over by Defendants while

riding a motorcycle on April 29, 2022, he was subsequently arrested on May 5, 2022, after Defendants obtained a warrant to search the motorcycle and later an arrest warrant after the search led to evidence supporting charges of possession of a controlled substance and possession of a weapon by a previous offender.

In his criminal case, Plaintiff successfully suppressed evidence of the weapon and the narcotics discovered in the saddlebags of the motorcycle, with the State Court finding the initial seizure of the motorcycle resulting in the inventory search, which led to the search warrant and the arrest warrant, violated the Fourth Amendment and the evidence was excluded as the fruit of a poisonous tree under the exclusionary rule[1]. After the ruling, the People moved to dismiss the criminal charges. Plaintiff was released from jail on November 9, 2022, after spending 188 days in jail.

Plaintiff then began communicating with representatives of the Colorado State Patrol, through the Colorado Attorney General's Office, seeking compensation related to his claims against Defendants. After discussions stalled, Plaintiff retained counsel – specifically Michael J. Fairhurst, Esq., from Kilmer Lane, LLP. Mr. Fairhurst then began communicating with undersigned counsel and the parties entered into a "tolling agreement" relating to the statute of limitations, which was drafted by Mr. Fairhurst's office, signed by all counsel, and dated April 26, 2024. The terms of the tolling agreement were the limitations period associated with Plaintiff's claims against Defendants was tolled

---

[1] Defendants note the fruit of the poisonous tree doctrine is not applicable to civil cases. *See, e.g., Estate of Taylor v. Salt Lake City,* 16 F.4th 744, 754-55 (10th Cir. 2021); *Shaw v. Schulte,* 36 F.4th 1006, 1017 (10th Cir. 2022).

from April 26, 2024, through thirty (30) days after any party terminated the tolling agreement.

The parties were unable to resolve the case and Plaintiff's legal representation by the Kilmer Lane firm ended. Plaintiff proceeded *pro se* before hiring his present counsel. While proceeding *pro se*, Plaintiff filed his Complaint on December 30, 2024 (ECF 1).

As is further detailed in Defendants' Motion for Summary Judgment, Plaintiff was at least four (4) days late in filing his Complaint after terminating the tolling agreement on November 26, 2024. As such, Defendants argue his claims are barred in their entirety as they were not timely filed within two years of the date of the incident, or during the extended limitations period as provided in the tolling agreement. Defendants' statute of limitations defense could not be addressed at the Fed. R. Civ. P. 12(b) stage due to the need for submission and review of evidence outside of the Complaint. Defendants believe the statute of limitations defense should be addressed before the parties participate in lengthy and expensive discovery. Discovery related to Defendants' actions, the facts and evidence surrounding the traffic stop, and Plaintiff's subsequent arrest (other than the date of the initial encounter) have no bearing on whether or not Plaintiff timely filed his Complaint. Rather than have the parties each spend hundreds (if not thousands) of hours conducting all discovery (costing each side hundreds of thousands of dollars in attorney's fees and costs), the Defendants request this Court address the threshold issue of whether or not the Complaint was timely filed, and all discovery (other than any limited discovery related to the statute of limitations defense) should be stayed.

To expedite a decision on the statute of limitations defense, the Defendants alternatively propose if this Court concludes a factual issue precludes determination of the issue on summary judgment, the parties conduct a one-day evidentiary hearing and this Court rules whether or not the Complaint was timely.

For these reasons, Defendants submit the parties, non-parties, and this Court's resources will be best served determining whether or not Plaintiff's claims are time barred, rather than having the parties conduct extensive and costly discovery over the course of the next six months. To any extent Plaintiff argues discovery is needed to respond to the Defendants' Motion for Summary Judgment, Plaintiff must be required to make the specific showing required by Fed. R. Civ. P. 56(d) and explain with precision what discovery is needed and how it relates to the legal arguments raised by Defendants.

## II.     LEGAL STANDARD

The Court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This extends to a stay of discovery while a dispositive motion is pending. *See Aurora Bank FSB v. Network Mortg. Servs.*, No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2-*3 (D. Colo. Jun. 19, 2013) (collecting cases). As one Court in this District observed, "[p]recedent amply demonstrates the Court has broad discretion to stay an action when a dispositive motion is pending. Indeed, 'a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." *Robert W. Thomas & Anne McDonald Thomas Trust v. First W. Trust Bank*, No. 11-cv-03333-WYD-KLM, 2012 WL 3400532, at *3 (D. Colo. Aug. 14, 2012) (citation omitted) (internal quotations

4

omitted) (brackets in original) (citing 8 Charles Allen Wright *et al.*, *Fed. Prac. & Proced.* § 2040, at 521-22 (2d ed. 1994)).

In evaluating whether to stay proceedings, the Court may consider (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC. V. Stylus Shows, Inc.* 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

### III.   ARGUMENT

The *String Cheese* factors weigh in favor of a stay of proceedings. First, Plaintiff will not be prejudiced by a stay and in fact, it might substantially benefit him in terms of the funds and resources not having to be spent if Defendants are successful with their summary judgment motion. Should this case proceed after the Court's ruling on Defendants' statute of limitations argument, Plaintiff will then be able to complete discovery. Further, a stay of discovery would not impact the relief Plaintiff seeks in any manner causing prejudice.

Second, if the stay is not granted, all parties and non-parties such as the Colorado State Patrol and the Colorado Attorney General's Office will be burdened with the time and expense of conducting discovery (including numerous depositions), producing documents, and complying with other requirements of litigation while the dispositive motions for summary judgment is pending. Further, as Plaintiff's claims may require discovery of large amounts of documents, "resolving dispositive motions to determine

5

which claims, if any, remain before proceeding to discovery makes eminent sense to preserve the resources of not only Defendants, but of both parties." *Goode v. Gaia, Inc.*, No. 20-cv-742-DDD-KLM, 2021 WL 3812167, at *2 (D. Colo. Apr. 26, 2021).

Third, the stay presents no inconvenience to the Court. Rather, granting a stay will likely lead to a more streamlined case management process in the event claims remain after resolution of dispositive motions. *See Hoang v. O'Rourke*, No. 18-cv-1755-RM-KLM, 2018 WL 11372178, at *2 (D. Colo. Dec. 17, 2018) ("If the case is stayed, judicial economy is enhanced, as is convenience to the Court given that scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address Defendant's Motion to Dismiss.").

Fourth, there are no known third parties who could be adversely affected by a stay, and in fact there are likely individuals who are not named in this suit that counsel intends to depose (including representatives of the Colorado State Patrol and other law enforcement agencies) who would be positively impacted by a stay of discovery.

Fifth, because this matter involves a private plaintiff against public officials, a stay is in the public interest. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government."); *Colo. Spgs. Fellowship Church v. Williams*, No. 19-cv-02024-WJM-KMT, 2020 WL 6487420, at *3 (D. Colo. Nov. 3, 2020) ("the general public's primary interest in" a matter is "an efficient and just resolution," so "[a]voiding wasteful efforts by the court and the litigants serves that

purpose."). Allowing public employees to focus on discharge of their duties (specifically law enforcement officers in this case), rather than expending resources to respond to discovery in litigation that may not proceed after a Rule 56 motion on threshold issues, conserves public resources.

Finally, to the extent Plaintiff contends he needs discovery to respond to the Defendants' statute of limitations argument, Plaintiff must be required to demonstrate, pursuant to the requirements of Fed. R. Civ. P. 56(d), the specific and precise discovery Plaintiff claims is needed before responding to the Defendants' Motion for Summary Judgment. Until and unless Plaintiff is able to meet this burden, no discovery should be allowed. The arguments raised on summary judgment are purely legal arguments based on undisputed and undisputable facts and therefore Plaintiff simply cannot demonstrate any specific discovery is necessary.

Pursuant to Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d). The party invoking Rule 56(d) must present an affidavit or declaration identifying the probable facts not available and what steps have been taken to obtain those facts. *Ellis v. J.R.'s Country Stores, Inc.,* 779 F.3d 1184, 1206 (10th Cir. 2015).  "The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *F.D.I.C. v. Arciero,* 741 F.3d 1111, 1116 (10th Cir. 2013); *Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006).

"By the plain terms of Rule 56(d), the movant is not entitled to relief absent a specific showing that it cannot yet show facts 'essential' to its opposition. Fed. R. Civ. P. 56(d). Denial of a Rule 56(d) motion is proper if the additional evidence sought would not create a genuine issue of material fact to defeat summary judgment." *Handy v. Douglas,* 14-cv-01930-WYD-MEH, 2015 U.S. Dist. LEXIS 144842, at *15 (D. Colo. Oct. 26, 2015) (citation omitted).

Here, Defendants' summary judgment arguments do not require discovery because they are legal arguments based on undisputed and undisputable facts. To the extent Plaintiff disagrees and maintains some discovery is needed, Plaintiff must be required to articulate with specificity and particularity the discovery needed to rebut the Defendants' statute of limitations arguments before this Court allows any discovery in this matter.

### IV.   CONCLUSION

Implementing a stay until Defendants' Motion for Summary Judgment is resolved is the most efficient way of litigating this case. Defendants request the Court enter an order granting a stay pending the resolution of their dispositive motion. In the alternative, Defendants propose all discovery other than what may be determined necessary to investigate and respond to Defendants' arguments related to the statute of limitations be stayed, and for all other and further relief as this Court deems just and appropriate.

DATED this 3rd day of July 2025.

          Respectfully submitted,

          **OVERTURF McGATH & HULL, P.C.**

By  *s/Scott A. Neckers*
    Scott A. Neckers
    Sarah A. Thomas
    Overturf McGath & Hull, P.C.
    625 East Sixteenth Avenue, Suite 100
    Denver, Colorado 80203
    Tel: (303)860-2848
    Fax: (303) 860-2869
    san@omhlaw.com
    sat@omhlaw.com
    *Attorneys for Defendant Robert Howell*

and

    *s/Andrew D. Ringel*
    Andrew D. Ringel
    Hall & Evans, L.L.C.
    1001 17th Street, Suite 300
    Denver, Colorado 80202
    Tel: (303) 628-3300
    Fax: (303) 628-3368
    ringela@hallevans.com
    *Attorneys for Defendant Bradley Spargur*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2025, I electronically filed the foregoing **DEFENDANTS' MOTION TO STAY OR LIMIT DISCOVERY PENDING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ONTHEIR STATUTE OF LIMITATIONS DEFENSE** with the Clerk of Court using the CM/ECF system with service as follows:

Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff*

Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
(303) 628-3300
ringela@hallevans.com
*Attorney for Defendant Bradley Spargur*

*s/Jessica Pringle*