IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-PAB-NRN

**CHRISTOPHER L. REYNOLDS,**

Plaintiff,

v.

**BRADLEY SPARGUR**, COLORADO STATE PATROL TROOPER; AND
**ROBERT HOWELL**, COLORADO STATE PATROL TROOPER,

Defendants.

---

**RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff, Christopher Reynolds, by and through counsel respectfully responds to Defendants' Motion for Summary Judgment. Because Plaintiff's prior counsel had discharged their representation of Plaintiff at the time they purportedly terminated the tolling agreement, that action was a nullity. Because Plaintiff properly filed his Complaint within the applicable statute of limitations Defendants' Motion for Summary Judgment should be denied. As grounds:

### INTRODUCTION

Defendants' statute of limitations defense fails because the tolling agreement was not legally terminated until November 26, 2024. Plaintiff's prior counsel lacked authority to terminate the tolling agreement on his behalf after discharging Plaintiff on October 31, 2024. Plaintiff, *pro se*, did not effectively terminate the tolling agreement until his November 26, 2024, email. Because the tolling agreement stipulated that the applicable statute of limitations would be tolled for 30 days

1

following the termination of the tolling agreement, and at least four days remained on the statute of limitations, Plaintiff's complaint was timely filed on December 30, 2024.

Even if the Court was to find that Plaintiff's complaint was filed outside the applicable statute of limitations, the Court should grant Plaintiff equitable tolling under Colorado state law. Plaintiff relied on the representation of his prior counsel that prior counsel "will not be taking future action on your behalf" and was not included on the November 1, 2024, communication purporting to terminate the tolling agreement. Plaintiff then diligently pursued his complaint by filing it within 34 days of terminating the tolling agreement, *pro se*. It would be manifestly unjust to permit Defendants to escape liability under these circumstances.

### RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Undisputed for the purposes of this motion.
2. Undisputed for the purposes of this motion.
3. Undisputed for the purposes of this motion.
4. Undisputed for the purposes of this motion.
5. Undisputed for the purposes of this motion.
6. Undisputed for the purposes of this motion.
7. Undisputed for the purposes of this motion.
8. Undisputed for the purposes of this motion.
9. Undisputed for the purposes of this motion.
10. Undisputed for the purposes of this motion.
11. Undisputed for the purposes of this motion.
12. Undisputed for the purposes of this motion. However, Plaintiff does not stipulate to the legal conclusion contained in footnote 1.
13. Undisputed for the purposes of this motion.
14. Undisputed for the purposes of this motion.
15. Undisputed for the purposes of this motion.
16. Undisputed for the purposes of this motion.
17. Undisputed for the purposes of this motion. The exhibit speaks for itself.
18. Disputed. Under the terms of the Tolling Agreement, the applicable statute of limitations was tolled for thirty days "after any party gives written notice that the agreement is terminated." Because the tolling agreement was executed on April 24, 2024, there were still five days remaining before the applicable statute of limitations ran (on April 29, 2024).

2

      Therefore, under the terms of the Tolling Agreement, Plaintiff had 35 days after the termination of the tolling agreement to bring an action.

19. Disputed, see 18, supra.
20. Undisputed for the purposes of this motion.
21. Undisputed for the purposes of this motion.
22. Undisputed for the purposes of this motion.
23. Undisputed for the purposes of this motion.
24. Undisputed for the purposes of this motion.
25. Undisputed for the purposes of this motion.
26. Undisputed for the purposes of this motion.

## STATEMENT OF ADDITIONAL UNDISPUTED FACTS

1. On October 31, 2024, Plaintiff's prior counsel terminated Kilmer Lane's representation of Plaintiff. (MSJ Exhibit D – Fairhurst Email Dated October 31, 2024).
2. On October 31, 2024, Plaintiff's prior counsel communicated to Plaintiff that Kilmer Lane was "no longer [Plaintiff's] counsel" and that Kilmer Lane "will not be taking further action on your behalf." (MSJ Exhibit D – Fairhurst Email Dated October 31, 2024).

## ARGUMENT

**I.  Because Plaintiff's prior counsel had discharged Plaintiff as of October 31, 2024, any purported termination of the tolling agreement on November 1, 2024, was a legal nullity. Therefore, the tolling agreement remained in legal effect until terminated by Plaintiff, pro se, on November 25, 2024.**

Defendants rely on Exhibit E, an email from Plaintiffs' prior counsel on November 1, 2024, purportedly terminating Plaintiffs' tolling agreement to argue that the tolling agreement was legally terminated as of that date. Defendants are wrong as a matter of law.

Plaintiff's prior counsel clearly and unambiguously discharged Plaintiff on October 31, 2024. Plaintiff's prior counsel informed Plaintiff, in writing that "we [Plaintiff's prior counsel] have decided to terminate our representation of you." MSJ Exhibit D. There was no contemplation of continued representation as Plaintiff's prior counsel advised Plaintiff to "look for another lawyer . . . ASAP" and made it clear that "we are no longer your counsel." *Id.* Making the point extremely clear

3

and unambiguous, Plaintiff's prior counsel told Plaintiff in no uncertain terms "we will not be taking further action on your behalf. You are responsible for all filing deadlines in your case." *Id.*

Under these facts, it is unambiguous that Plaintiff's prior counsel discharged Plaintiff and was withdrawn from representation of Plaintiff as of October 31, 2024, at 3:47PM. From that moment forward, any action taken by Plaintiff's prior counsel, including the November 1 email, could not bind Plaintiff. "A discharged attorney cannot act to bind the client." *Barry v. Ashley Anderson, P.C.*, 718 F.Supp. 1492 (D. Colo. 1989) (citing *Thompson v. McCormick*, 335 P.2d 254 (Colo. 1959). Because Plaintiff, and not Plaintiff's prior counsel was a party to the Tolling Agreement, only Plaintiff (or his active counsel acting on his behalf) could legally terminate.

**II.     Plaintiff timely filed his complaint within the applicable statute of limitations because it was filed 34 days following the termination of the Tolling Agreement which was within the tolling period.**

Plaintiff generally agrees with Defendants that the applicable statute of limitations for his claims is two years from accrual. MSJ pp. 6-7. Where the parties disagree is the meaning of the plain language of the Tolling Agreement. The Tolling Agreement states, "an agreement . . . to toll all applicable statutes of limitations . . . to run for the period between [April 24, 2024] up to and including 30 days after any party gives written notice that the agreement is terminated." MSJ Exhibit B. At the time the time the agreement was entered, five days remained on the shortest statute of limitations (April 24 to April 29, 2024).

Defendants' assert that the plain meaning of this agreement was that Plaintiff had thirty days following the termination of the Tolling Agreement within which to file his lawsuit. Respectfully, this reading ignores the language of the Tolling Agreement. The Tolling Agreement specifically

4

states an agreement "to toll all applicable statutes of limitations . . . for the period . . . up to and including 30 days after . . . the agreement is terminated." *Id.* The plain and unambiguous meaning of this is that the statute of limitations would stop running until 30 days following the termination of the agreement at which point it would start running again, with five days remaining.

Tolling results in a 'delay' or 'suspension' of a limitations period. *See Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) ("The tolling of a statute of limitations will either 'delay the start of the limitations period' or suspend the running of the limitations period if the accrual date has passed."); *see also* Black's Law Dictionary (11th ed. 2019) (defining "tolling statute" as"[a] law that interrupts the running of a statute of limitations in certain situations"). Therefore, under the terms of the Tolling Agreement, the running of the two-year limitations period was suspended (leaving 5 days on the clock) and restarted 30 days after the Tolling Agreement was terminated. Plaintiff terminated the Tolling Agreement via email on November 26, 2024. MSJ Exhibit G. Therefore, the statute of limitations began running again 30 days later – on December 26, 2024. Plaintiff had until December 31, 2024 to file his lawsuit, which Plaintiff did.

**III.   Even if the Court finds that Plaintiff's prior counsel terminated the Tolling Agreement on Plaintiff's behalf on November 1, 2025, or if the Court finds that the Tolling Agreement contemplated a 30-day and not a 35-day period of time to file, the Court should grant Plaintiff equitable tolling under the unique circumstances of this case.**

"Statutes of limitation are enacted to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims . . . . at times, however, equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). Equitable tolling is appropriate where "either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary

5

circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (quoting *Dean Witter Reynolds*, 911 P.2d at 1099). Ultimately, the touchstone of equitable tolling is the reasoning "that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims where possible." *Dean Witter Reynolds*, 911 P.2d at 1097.

Here, Plaintiff's counsel discharged him, told him that they would not take any action on his behalf, told him that they were not his lawyers anymore, and then discharged the tolling agreement the next day (an action that they expressly told Plaintiff that they would not do) in an email that Plaintiff was not even cc'ed on. Plaintiff's actions make it clear that he was not aware that the tolling agreement had been legally terminated – he notified Defendants less than a month later that he was terminating the Tolling Agreement as of November 26, 2024 (an action that would be illogical if Plaintiff believed that the Tolling Agreement had already been terminated) and then filed his lawsuit, *pro se*, exactly 34 days later. These are the actions of a person who is making "good faith efforts to purse the claims where possible." Defendants have not articulated in any way why they are prejudiced by a (at absolute most) one month delay in the statute of limitations (that they themselves agreed to toll for months). On the other hand, granting Defendants' Motion for Summary Judgment permits Defendants (who have already been found by a Colorado state court judge to have violated Mr. Reynolds' constitutional rights) to escape liability. This would not promote any of the purposes of the statute of limitations. Therefore, on these (highly unusual) facts, the Court should grant Plaintiff equitable tolling.

Dated: August 7, 2025

/s/ Jason M. Kosloski
Jason Kosloski (CO Bar # 50214)
KOSLOSKI LAW, PLLC
1312 17th Street, Unit #2779
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Christopher L. Reynolds*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, the foregoing **RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY** was filed using the CM/ECF e-filing system, which sends notice to the following:

>Andrew D. Ringel
>Hall & Evans, L.L.C.
>1001 17th Street, Suite 300
>Denver, Colorado 80202
>Tel: (303) 628-3300
>Fax: (303) 628-3368
>ringela@hallevans.com
>*Attorney for Defendant Spargur*
>
>Scott Neckers
>Overturf McGath & Hull, P.C.
>625 E 16th Ave.
>Denver, Colorado 80203
>Tel: (303) 866-9484
>san@omhlaw.com
>*Attorney for Defendant Howell*

/s/ Jason Kosloski
Jason Kosloski