IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-PAB-NRN

CHRISTOPHER LEE REYNOLDS

    Plaintiff,

v.

BRADLEY SPARGUR, Colorado State Patrol Trooper, and
ROBERT HOWELL, Colorado State Patrol Trooper

    Defendants.
_____

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Defendants Bradley Spargur and Robert Howell ("Defendants"), by and through their undersigned counsel, respectfully submit their Reply in Support of Defendants' Motion for Summary Judgment (ECF 33), as follows:

**I.    INTRODUCTION**

Defendants filed their Motion for Summary Judgment (ECF 33) seeking dismissal of the claims against them on the grounds that Plaintiff's claims are barred by the applicable two-year statute of limitations. Specifically, Plaintiff failed to timely file his Complaint (ECF 19) under the statute of limitations as modified by the April 24, 2024 tolling agreement (the "Tolling Agreement") entered into by the parties because he waited until December 31, 2024 to file his Complaint. Under the terms of the Tolling Agreement,

Plaintiff needed to file his Complaint within 30 days of the termination of the Tolling Agreement, which he failed to do.

In his Response to Defendants' Motion for Summary Judgment ("Response"), Plaintiff did not dispute any of the material facts asserted by Defendants. He does not dispute the validity of the Tolling Agreement or the time at which his claims accrued. [Response, 2–3.] Rather, he argues for a different interpretation of the language in the Tolling Agreement. This disagreement does not amount to a dispute as to a genuine issue of material fact. It does, however, present a question of law for the Court to decide. *Fed. Deposit Ins. Corp. v. Fisher*, 292 P.3d 934, 937 (Colo. 2013) (holding that interpretation of a contract is a question of law). Although Plaintiff disputes Defendants' interpretation of the Tolling Agreement, Plaintiff failed to identify any disputed material facts and as such, summary judgment is appropriate.

Plaintiff argues his Complaint was timely because he did not terminate the Tolling Agreement until November 26, 2024. Plaintiff then alleges the statute of limitations did not begin to run again until 30 days later on December 26, 2024. Accordingly, Plaintiff maintains he had an additional five days (the time remaining on the statute of limitations when the Tolling Agreement was executed) until December 31, 2024 to file his Complaint. Plaintiff's argument disregards the plain meaning of the Tolling Agreement's provision regarding the term of the tolling period and impermissibly adds terms not explicitly contained in the Tolling Agreement. The Court must apply the actual text of the Tolling Agreement and find Plaintiff failed to timely file his Complaint and thus, his claims are time-barred.

2

## II. RESPONSE TO STATEMENT OF ADDITIONAL UNDISPUTED FACTS

1. Undisputed to the extent the October 31, 2024 email speaks for itself.

2. Undisputed to the extent the October 31, 2024 email speaks for itself.

## III. ARGUMENT

### A. Plaintiff did not Show Attorney Fairhurst Was Not Authorized to Terminate the Tolling Agreement on November 1, 2024 and Thus, Plaintiff Had 30 Days from November 1, 2024 to File His Lawsuit

In his Response, Plaintiff alleges the November 1, 2024 termination of the Tolling Agreement is invalid because Mr. Fairhurst no longer represented Plaintiff after discharging Plaintiff on October 31, 2024. [Response, at 4].

While Mr. Fairhurst's October 31, 2024 email states he would "not be taking further action on [Plaintiff's] behalf," Mr. Fairhurst then emailed Defendants' counsel the next day stating Plaintiff was terminating the Tolling Agreement. [**Exhibits D, E**]. It is unclear whether Plaintiff and Mr. Fairhurst had any additional communication regarding the Tolling Agreement between these emails. Plaintiff has not submitted an affidavit or any other supporting evidence to show Mr. Fairhurst acted unilaterally by sending his email to Defendants' counsel. Instead, he relies purely on argument to support this position. Once the moving party presents a properly supported motion for summary judgment, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citing F.R.C.P. 56(e)). Here, Plaintiff has not shown the November 1, 2024 termination of the Tolling Agreement was invalid, and therefore Plaintiff failed to timely file his Complaint, regardless of which interpretation of the Tolling Agreement's language applies.

**B. Even if the November 1, 2024 Termination of the Tolling Agreement is Invalid, Plaintiff Still Failed to Timely File His Complaint Based on the Plain Language of the Tolling Agreement**

Even if the Tolling Agreement was not properly terminated until November 26, 2024, Plaintiff's filing of the Complaint on December 30, 2024 was still untimely because it was done outside the 30-day deadline to do so provided in the Tolling Agreement.

Plaintiff alleges the plain meaning of the language in the Tolling Agreement is that the statute of limitations would not begin to run again until 30 days after the termination of the Tolling Agreement. [Response, at 4–5]. However, Plaintiff's interpretation conflicts with the actual text of the Tolling Agreement and Mr. Fairhurst's advice to Plaintiff regarding the meaning of the Tolling Agreement.

Plaintiff cannot add terms not explicitly included in the Tolling Agreement to change the plain meaning of the text. The term Plaintiff believes was implied in the Tolling Agreement (any days remaining in the limitations period at the time of the signing of the Tolling Agreement are added once the Tolling Agreement was terminated) is not actually contained in the Tolling Agreement. Such a term can be included in a tolling agreement, but it was not included here. For example, a similar tolling agreement from an unrelated case provides as follows: "This Agreement will expire automatically on September 15, 2021 . . . and after this Agreement's expiration, any unexpired statute of limitations which may be applicable to any claims [the claimant] may bring against [the defendant] shall resume running."  [**Exhibit F**, Exemplar Tolling Agreement].

If the above language had been included in the Tolling Agreement in this case, Plaintiff's interpretation would be correct. However, the parties did not include such

4

language. Instead, the Tolling Agreement provides for an indefinite extension of the statute of limitations until the termination of the Tolling Agreement, and then for the tolling of the statute of limitations to last 30 days following the termination of the Tolling Agreement. [**Exhibit B** – Tolling Agreement (stating the Tolling Agreement was intended "to run between the date of this letter up to and including 30 days after any party gives written notice that the agreement is terminated")]. In other words, upon termination of the Tolling Agreement, Plaintiff would have 30 days, instead of the five days remaining on the statute of limitations at the time the Tolling Agreement was signed, to file his lawsuit. This interpretation is further supported by Mr. Fairhurst's advice to Plaintiff regarding the timing of filing a potential lawsuit. In his October 31, 2024 email, Mr. Fairhurst informed Plaintiff as follows: "Once the attorney general's office terminates the tolling agreement that is in effect . . . you will <u>only have 30 days to file suit before the statute of limitations passes.</u>" [**Exhibit D** (emphasis added)]. This advice is consistent with the plain meaning of the language in the Tolling Agreement.

Even if the language in the Tolling Agreement was ambiguous, its language must be construed against Plaintiff as Plaintiff, through his counsel, drafted the Tolling Agreement. [SUMF ¶ 21]. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995) ("respondents cannot overcome the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it.") Plaintiff cannot avoid this rule. Plaintiff authorized Mr. Fairhurst to enter into the Tolling Agreement and he is bound by its terms regardless of whether Mr. Fairhurst represented him at the time of the Tolling Agreement's termination. Mr. Fairhurst

5

confirmed to Plaintiff he only had 30 days to file his lawsuit once the Tolling Agreement was terminated, and that interpretation, which is fully consistent with the plain language of the Tolling Agreement, controls here.

Thus, the terms of the Tolling Agreement required Plaintiff to file his lawsuit within 30 days of the termination of the Tolling Agreement. Having failed to do so, his claims are time-barred by the applicable two-year limitations period.

### C. Plaintiff is Not Entitled to Equitable Tolling Because Plaintiff Has Not Shown the Existence of Extraordinary Circumstances that Prevented Him from Filing His Lawsuit on Time

Plaintiff's reliance on equitable tolling to correct his failure to timely file his Complaint is misplaced as the circumstances of this case do not support the application of this doctrine.

Equitable tolling "pauses the running of, or 'tolls,' a statute of limitations" under certain circumstances. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Colorado courts[1] have applied equitable tolling where "the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner" or "where extraordinary circumstances[2] make it impossible for the plaintiff to file his or her claims within the statutory period." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096–97 (Colo. 1996) (discussing examples from other jurisdictions justifying equitable tolling based on

---

[1] Because state tolling rules apply to 42 U.S.C. § 1983 cases, Colorado's equitable tolling rules apply. *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004).

[2] "[T]he Colorado Supreme Court has yet to find a case that qualifies as an extraordinary circumstance that would justify tolling." *Graham v. Teller Cnty. Colo.,* 632 F. App'x 462, 465 (10th Cir. 2015) (unpublished).

6

lack of access to Courts, including southern states being closed during the Civil War, and a plaintiff being interned by Japan during World War II); *see also Strich v. United States*, 793 F. Supp. 2d 1238, 1247 (D. Colo. 2011) ("This circuit has applied equitable tolling "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.") On the other hand, courts are less inclined to apply equitable tolling where a plaintiff fails to exercise due diligence in preserving their legal rights or misses a deadline due to excusable neglect. *See Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.").

In his Response, Plaintiff alleges "he was not aware that the tolling agreement had been legally terminated" because prior counsel sent his email the day after discharging Plaintiff in an email that Plaintiff was not cc'd on. [Response, at 6]. Plaintiff also suggests it would be illogical for him to send his November 26, 2024 email terminating the Tolling Agreement for the second time if he knew it had previously been terminated. *Id.* Even assuming the November 1, 2024 termination was invalid, these considerations are irrelevant given Plaintiff still failed to file his Complaint within 30 days of November 26, 2024, when Plaintiff terminated the Tolling Agreement after having received Mr. Fairhurst's email specifically informing Plaintiff he had 30 days to file his Complaint from the date the Tolling Agreement was terminated.  [**Exhibit D**].

7

Plaintiff also suggests equitable tolling should apply because he was "making good faith efforts" to pursue his claims. [Response, at 6]. However, Plaintiff has not demonstrated the existence of extraordinary circumstances outside of his control supporting the application of equitable tolling. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (Colo. 1996) ("The reasoning underlying [cases where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period] is that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible."); *see also Driscoll v. Denver, 2024 WL 434656, *9 (D. Colo. Sept. 30, 2024)* (holding that equitable tolling was inappropriate given the lack of extraordinary circumstances, given that the Plaintiff was aware of the conduct that gave rise to his claims against the Defendants the moment it happened, and he was not prevented from accessing the Courts prior to the passing of the statute of limitations).

The evidence supplied by Defendants shows Plaintiff was aware he needed to file his lawsuit within 30 days of the termination of the Tolling Agreement. The text of the Tolling Agreement is unambiguous and plainly states Plaintiff had 30 days to file his lawsuit. [*See* **Exhibit B**]. Additionally, Plaintiff's prior counsel explicitly informed Plaintiff of this deadline in the October 31, 2024 email as follows: "Once the attorney general's office terminates the tolling agreement that is in effect . . . you will only have 30 days to file suit before the statute of limitations passes." [**Exhibit D** (emphasis added)]. Plaintiff's failure to follow his prior counsel's admonition does not warrant the application of equitable tolling here. Plaintiff could have clarified the issue with prior counsel or sought

8

the advice of new counsel. He chose not to do so. As such, Plaintiff's failure to file his lawsuit on time is the result of his own negligence, not any extraordinary circumstances, and not based on any action by Defendants to prevent him from timely filing his Complaint.

Plaintiff further argues Defendants have not articulated any prejudice resulting from equitably tolling the statute of limitations. However, Defendants are not required to do so. A statute of limitations is intended to promote justice, avoid unnecessary delay, and prevent the litigation of stale claims. *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 491 (Colo. App. 2008). Courts should not disregard the procedural requirements established by the legislature for gaining access to the courts out of sympathy for particular litigants. *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984); *see also Lozano v. Montoya Alvarez,* 572 U.S. 1, 10 (2014) (observing that "the [equitable tolling] doctrine effectively extends an otherwise discrete limitations period set by Congress" and, therefore, warrants careful consideration of statutory intent). Plaintiff's failure to diligently prosecute his case means that he forfeited his ability to continue this litigation. Colorado law clearly establishes a statute of limitations for civil rights claims, and the terms of the Tolling Agreement controlled once the parties agreed to its terms, including the 30-day deadline to file the Complaint after its termination.

Thus, Plaintiff is not entitled to equitable tolling of the statute of limitations because Plaintiff's failure to file before the statute of limitations expired was not the result of any extraordinary circumstances that stopped him from filing his Complaint on time.

## IV. CONCLUSION

For the reasons discussed herein, as well as the arguments and authorities contained in their initial Motion, Defendants Bradley Spargur and Robert Howell respectfully restate their request that this Court grant them summary judgment, dismiss all of Plaintiff's claims against them with prejudice, and for all other and further relief as this Court deems just and appropriate. The material facts are not in dispute here and this Court should interpret the Tolling Agreement against the Plaintiff and in favor of Defendants.

DATED this 21st day of August 2025.

Respectfully submitted,

| | |
|---|---|
| **OVERTURF McGATH & HULL, P.C.** | **Hall & Evans, L.L.C** |
| By *s/ Scott A. Neckers* | By *s/ Andrew D. Ringel* |
| Scott A. Neckers | Andrew D. Ringel |
| Sarah A. Thomas | Hall & Evans, L.L.C. |
| Overturf McGath & Hull, P.C. | 1001 17th Street, Suite 300 |
| 625 East Sixteenth Avenue, Suite 100 | Denver, Colorado 80202 |
| Denver, Colorado 80203 | Tel: (303) 628-3300 |
| Tel: (303)860-2848 | Fax: (303) 628-3368 |
| Fax: (303) 860-2869 | ringela@hallevans.com |
| san@omhlaw.com | *Attorneys for Defendant Bradley Spargur* |
| sat@omhlaw.com | |
| *Attorneys for Defendant Robert Howell* | |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2025, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system with service as follows:

Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff*

Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
(303) 628-3300
ringela@hallevans.com
*Attorney for Defendant Bradley Spargur*

*s/Jessica Pringle*