APPEAL,JD1,MJ CIV PP,NDISPO,STAYDI,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:24–cv–03605–PAB–NRN

Reynolds v. Spargur et al

Assigned to: Chief Judge Philip A. Brimmer

Referred to: Magistrate Judge N. Reid Neureiter

Cause: 42:1983 Civil Rights Act

Date Filed: 12/30/2024

Date Terminated: 01/06/2026

Jury Demand: Both

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Christopher Lee Reynolds**
*[E–filer effective 1/6/2025]*

represented by **Jason Matthew Kosloski**
Kosloski Law PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
720–605–6487
Email: jkosloski@kosloskilaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Unknown**
*Sergeant of the Colorado State Patrol,*
*phone # ending with 6388*
*TERMINATED: 02/28/2025*

**Defendant**

**Bradley Spargur**
*Colorado State Patrol, Colorado State*
*Patrol Trooper*

represented by **Andrew David Ringel**
Hall & Evans LLC
1001 Seventeenth Street
Suite 300
Denver, CO 80202
303–628–3300
Fax: 303–293–3238
Email: ringela@hallevans.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Howell**
*Colorado State Patrol, Colorado State*
*Trooper*

represented by **Sarah Anne Thomas**
Overturf McGath & Hull, P.C.
625 East 16th Avenue
Suite 100
Denver, CO 80203
303–860–2848
Email: sat@omhlaw.com
*ATTORNEY TO BE NOTICED*

**Scott Aaron Neckers**
Overturf McGath & Hull, P.C.
625 East 16th Avenue
Suite 100
Denver, CO 80203
303–860–2848
Fax: 303–860–2869
Email: san@omhlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Clayton J. Ainkley**
*Representative for Colorado State Patrol,*
*Second Assistant Attorney General/Tort*
*Litigation Unit/ Colorado Department of*
*Law*
*TERMINATED: 02/28/2025*

**Defendant**

**Allison Ailer**
*Representative for the Colorado State*
*Patrol, Colorado Department of Law*
*TERMINATED: 02/28/2025*

**Defendant**

**Scott Neckers**
*Colorado State Trooper Robert Howells*
*Attorney*
*TERMINATED: 02/28/2025*

**Defendant**

**Andrew Ringal**
*Colorado State Trooper Bradley*
*Spargurs Attorney*
*TERMINATED: 02/28/2025*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2024 | 1 | COMPLAINT AND JURY DEMAND against Robert Howell, Bradley Spargur, Unknown (Filing Fee: 405.00, Receipt Number:112872), filed by Christopher Lee Reynolds. (Attachments: # 1 Receipt)(echa, ) (Entered: 12/30/2024) |
| 12/30/2024 | 2 | Case assigned to Magistrate Judge Richard T. Gurley. Text Only Entry. (echa, ) (Entered: 12/30/2024) |
| 12/31/2024 | 3 | ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES by Magistrate Judge Richard T. Gurley on 12/31/2024. ORDERED that Plaintiff shall cure the designated |

| | | deficiencies **within thirty (30) days from the date of this order**. If Plaintiff fails to cure the designated deficiencies within thirty (30) days from the date of this Order, the action will be dismissed without further notice. The dismissal shall be without prejudice. (pklin, ) (Entered: 12/31/2024) |
|---|---|---|
| 12/31/2024 | 4 | Letter from Chris Reynolds re Request for Trial to a Jury. (pklin, ) (Entered: 12/31/2024) |
| 01/06/2025 | 5 | NOTICE of Address/Contact Information by Plaintiff Christopher Lee Reynolds (agryan) (Entered: 01/06/2025) |
| 01/06/2025 | 6 | NOTICE OF PRO SE E–FILING PRIVILEGES: Plaintiff, Christopher Lee Reynolds, sought and received e–filing privileges on 1/6/2025. Plaintiff's phone number, 970–260–2722, and email address, reynoldschris2121@gmail.com, were added to the docket from Plaintiff's PACER account. All further service will be effectuated electronically via CM/ECF to the email address of record. (Text Only Entry) (lrobe) (Entered: 01/06/2025) |
| 01/08/2025 | 7 | AMENDED COMPLAINT against Allison Ailer, Clayton J. Ainkley, Robert Howell, Scott Neckers, Andrew Ringal, Bradley Spargur, Unknown, filed by Christopher Lee Reynolds. (Attachments: # 1 Attachment to Complaint) (pklin, ) (Entered: 01/08/2025) |
| 01/14/2025 | 8 | NOTICE of Entry of Appearance by Andrew David Ringel on behalf of Bradley SpargurAttorney Andrew David Ringel added to party Bradley Spargur(pty:dft) (Ringel, Andrew) (Entered: 01/14/2025) |
| 01/16/2025 | 9 | WAIVER OF SERVICE Returned Executed. Bradley Spargur waiver sent on 1/7/2025. No answer due at this time because the case is still under initial review. (cmadr, ) Modified on 1/23/2025 (cmadr, ). (Entered: 01/17/2025) |
| 01/21/2025 | 10 | WAIVER OF SERVICE Returned Executed Robert Howell waiver sent on 1/21/2025. No answer is due at this time because the case is still under intial review. (cmadr, ) Modified on 1/23/2025 (cmadr, ). (Entered: 01/22/2025) |
| 01/29/2025 | 12 | ORDER Directing Plaintiff to File an Amended Complaint by Magistrate Judge Richard T. Gurley on 1/29/2025. (sphil, ) (Entered: 01/30/2025) |
| 01/30/2025 | 11 | NOTICE of Entry of Appearance by Jason Matthew Kosloski on behalf of Christopher Lee ReynoldsAttorney Jason Matthew Kosloski added to party Christopher Lee Reynolds(pty:pla) (Kosloski, Jason) (Entered: 01/30/2025) |
| 01/30/2025 | 13 | NOTICE of Entry of Appearance by Scott Aaron Neckers on behalf of Robert HowellAttorney Scott Aaron Neckers added to party Robert Howell(pty:dft) (Neckers, Scott) (Entered: 01/30/2025) |
| 01/30/2025 | 14 | NOTICE of Entry of Appearance by Sarah Anne Thomas on behalf of Robert HowellAttorney Sarah Anne Thomas added to party Robert Howell(pty:dft) (Thomas, Sarah) (Entered: 01/30/2025) |
| 02/03/2025 | 15 | NOTICE of Change of Address/Contact Information by Jason Matthew Kosloski (Kosloski, Jason) (Entered: 02/03/2025) |
| 02/04/2025 | 16 | ORDER DRAWING CASE by Magistrate Judge Richard T. Gurley on 2/4/2025. This case is randomly reassigned to Magistrate Judge N. Reid Neureiter for all further proceedings. All future pleadings should be designated as **24–CV–03605–NRN**. (sphil, ) (Entered: 02/05/2025) |

| 02/05/2025 | 17 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (sphil, ) (Entered: 02/05/2025) |
|---|---|---|
| 02/05/2025 | 18 | ORDER SETTING SCHEDULING/PLANNING CONFERENCE AND SETTING DEADLINE FOR FILING OF CONSENT/NON–CONSENT FORM. By Magistrate Judge N. Reid Neureiter on 2/5/2025.<br>Consent Form due by 3/25/2025.<br>Proposed Scheduling Order due 4/1/2025.<br>Scheduling Conference set for 4/8/2025 09:30 AM in Courtroom A 401 before Magistrate Judge N. Reid Neureiter. (tlove, ) (Entered: 02/05/2025) |
| 02/28/2025 | 19 | AMENDED COMPLAINT against Robert Howell, Bradley Spargur, filed by Christopher Lee Reynolds.(Kosloski, Jason) (Entered: 02/28/2025) |
| 03/14/2025 | 20 | Joint MOTION for Extension of Time to File Answer or Otherwise Respond re 19 Amended Complaint by Defendant Robert Howell. (Neckers, Scott) (Entered: 03/14/2025) |
| 03/14/2025 | 21 | MINUTE ORDER. It is hereby ORDERED that Defendants' Joint Unopposed Motion for One–Week Extension of Time to File Their Responsive Pleadings (ECF No. 20 ) is GRANTED. Defendants Bradley Spargur and Robert Howell shall answer or otherwise respond to Plaintiff's Second Amended Complaint on or before March 21, 2025. Entered by Magistrate Judge N. Reid Neureiter on 3/14/2025. PLEASE READ THE ATTACHED ORDER. (tlove, ) (Entered: 03/14/2025) |
| 03/20/2025 | 22 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Christopher Lee Reynolds, Defendants Clayton J. Ainkley, Allison Ailer, Scott Neckers, Andrew Ringal, Unknown, Bradley Spargur, Robert Howell All parties do not consent.. (Ringel, Andrew) (Entered: 03/20/2025) |
| 03/20/2025 | 23 | CASE REASSIGNED Pursuant to 22 Consent to Jurisdiction of Magistrate Judge, all parties do not consent. Case randomly reassigned to Chief Judge Philip A. Brimmer and drawn to Magistrate Judge N. Reid Neureiter. All future pleadings should be designated as 24–cv–03605–PAB. (Text Only Entry) (norlin, ) (Entered: 03/20/2025) |
| 03/20/2025 | 24 | ORDER REFERRING CASE to Magistrate Judge N. Reid Neureiter for non–dispositive matters. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, and (4) conduct a pretrial conference and enter a pretrial order. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding, by Chief Judge Philip A. Brimmer on 3/20/2025. Text Only Entry (pabsec, ) (Entered: 03/20/2025) |
| 03/21/2025 | 25 | ANSWER to 19 Amended Complaint by Bradley Spargur.(Ringel, Andrew) (Entered: 03/21/2025) |

| 03/21/2025 | 26 | ANSWER to 19 Amended Complaint by Robert Howell.(Neckers, Scott) (Entered: 03/21/2025) |
| 04/01/2025 | 27 | Joint MOTION for Extension of Time to *file proposed Scheduling Order* by Defendant Robert Howell. (Neckers, Scott) (Entered: 04/01/2025) |
| 04/01/2025 | 28 | MEMORANDUM regarding 27 Joint MOTION for Extension of Time to *file proposed Scheduling Order* filed by Robert Howell. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 4/01/2025. Text Only Entry (pabsec, ) (Entered: 04/01/2025) |
| 04/02/2025 | 29 | MINUTE ORDER. It is hereby ORDERED that the Joint Motion for Extension of Time in Which to Filed Proposed Scheduling Order (ECF No. 27 ) is GRANTED. The Scheduling Order shall be filed on or before April 3, 2025. Entered by Magistrate Judge N. Reid Neureiter on 4/2/2025. PLEASE READ THE ATTACHED ORDER. (tlove, ) (Entered: 04/02/2025) |
| 04/03/2025 | 30 | Proposed Scheduling Order by Plaintiff Christopher Lee Reynolds. (Kosloski, Jason) (Entered: 04/03/2025) |
| 04/08/2025 | 31 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Scheduling Conference held on 4/8/2025. FTR: Courtroom A401. (rvill, ) (Entered: 04/08/2025) |
| 04/08/2025 | 32 | SCHEDULING ORDER: Joint Status Report due by 9/2/2025. Discovery due by 12/8/2025. Dispositive Motions due by 1/16/2026. <br><br> Telephonic Final Pretrial Conference set for 3/3/2026 at 10:00 AM in Courtroom A 401 before Magistrate Judge N. Reid Neureiter. Five minutes prior to the start of the hearing, the parties shall call the conference line 571−353−2301, Access Code 841686937# to participate. By Magistrate Judge N. Reid Neureiter on April 8, 2025. (rvill, ) (Entered: 04/08/2025) |
| 07/03/2025 | 33 | MOTION for Summary Judgment by Defendants Bradley Spargur, Robert Howell. (Attachments: # 1 Exhibit A – Affidavit for Arrest Warrant, # 2 Exhibit B – Tolling Agreement, # 3 Exhibit C – Affidavit of Scott Neckers, # 4 Exhibit D – Fairhurst Email 10−31−24, # 5 Exhibit E – Fairhurst Email 11−1−24, # 6 Exhibit F – Plaintiff 11−6−24 Email, # 7 Exhibit G – Plaintiff 11−26−24 Email)(Neckers, Scott) (Entered: 07/03/2025) |
| 07/03/2025 | 34 | MOTION to Stay *or Limit Discovery Pending Ruling on Defendants Motion for Summary Judgment on Statute of Limitations Defense* by Defendants Bradley Spargur, Robert Howell. (Neckers, Scott) (Entered: 07/03/2025) |
| 07/03/2025 | 35 | MEMORANDUM regarding 34 MOTION to Stay *or Limit Discovery Pending Ruling on Defendants Motion for Summary Judgment on Statute of Limitations Defense* filed by Robert Howell, Bradley Spargur. Motion referred to Magistrate Judge N. Reid Neureiter, by Chief Judge Philip A. Brimmer on 7/03/2025. Text Only Entry (pabsec, ) (Entered: 07/03/2025) |
| 07/07/2025 | 36 | MINUTE ORDER entered by Magistrate Judge N. Reid Neureiter on 7/7/2025. A telephonic Motion Hearing on Defendants' Motion to Stay or Limit Discovery Pending Ruling on Defendants' Motion for Summary Judgment on Their Statute of Limitations Defense (ECF No. 34 ) is set for August 12, 2025 at 11:30 a.m. PLEASE READ ATTACHED MINUTE ORDER. (norlin, ) (Entered: 07/07/2025) |

| 07/24/2025 | 37 | First MOTION for Extension of Time to File Response/Reply as to 33 MOTION for Summary Judgment by Plaintiff Christopher Lee Reynolds. (Kosloski, Jason) (Entered: 07/24/2025) |
|---|---|---|
| 07/28/2025 | 38 | ORDER by Chief Judge Philip A. Brimmer on 7/28/2025 re: 37 Unopposed Motion for Two–Week Extension of Time is GRANTED. Plaintiff shall respond to 33 Defendants' Motion for Summary Judgment on or before **August 7, 2025**. For future requests for extension of time, counsel is reminded that, pursuant to § I.G.2 of this Court's Practice Standards, "[a]ny motion for extension of time shall be filed no later than three business days before the date the motion, response, reply, or other paper is due." Moreover, pursuant to § I.G.1, motions for extensions of time must demonstrate good cause "with particularity." "The following reasons do not constitute good cause: agreement of counsel, inconvenience to counsel or to the parties; the press of business; conflicts in scheduling; or practice as a sole practitioner." *Id*. Text Only Entry(pabsec, ) (Entered: 07/28/2025) |
| 08/07/2025 | 39 | RESPONSE to 33 MOTION for Summary Judgment filed by Plaintiff Christopher Lee Reynolds. (Kosloski, Jason) (Entered: 08/07/2025) |
| 08/12/2025 | 40 | MINUTE ENTRY for proceedings held before Magistrate Judge N. Reid Neureiter: Motion Hearing held on 8/12/2025. Defendants' Motion to Stay or Limit Discovery Pending Ruling on Defendants' Motion for Summary Judgment on their Statute of Limitations Defense (Dkt. # 34 ) is GRANTED. All discovery and case deadlines are STAYED pending a determination of the motion for summary judgment. FTR: Courtroom A401. (rvill, ) (Entered: 08/12/2025) |
| 08/21/2025 | 41 | REPLY to Response to 33 MOTION for Summary Judgment filed by Defendants Bradley Spargur, Robert Howell. (Neckers, Scott) (Entered: 08/21/2025) |
| 01/05/2026 | 42 | ORDER granting Defendants' 33 Motion for Summary Judgment. Entered by Chief Judge Philip A. Brimmer on 1/5/2026. (hguer) (Entered: 01/05/2026) |
| 01/06/2026 | 43 | FINAL JUDGMENT in favor of Bradley Spargur, Robert Howell against Christopher Lee Reynolds pursuant to the 42 Order. Entered by Clerk on 1/6/2025. (hguer) (Entered: 01/06/2026) |
| 01/27/2026 | 44 | NOTICE OF APPEAL by Plaintiff Christopher Lee Reynolds (Filing fee $ 605, Receipt Number ACODC–10786848) (Kosloski, Jason) (Entered: 01/27/2026) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03605-PAB-NRN

CHRISTOPHER LEE REYNOLDS,

     Plaintiff,

v.

BRADLEY SPARGUR, Colorado state patrol trooper, and
ROBERT HOWELL, Colorado state patrol trooper,

     Defendants.

---

### ORDER

---

     This matter comes before the Court on Defendants' Motion for Summary Judgment [Docket No. 33]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The facts are essentially undisputed. The legal issue is whether plaintiff's claims are barred by the statute of limitations.

### I. UNDISPUTED FACTS[1]

     On April 29, 2022, Mr. Reynolds was riding a motorcycle on Highway 491 in Dolores County. Docket No. 33 at 2, ¶ 1. Sergeant Spargur and Trooper Howell stopped Mr. Reynolds at approximately 11:00 p.m. on Highway 48. *Id.*, ¶¶ 2, 4. Sergeant Spargur and Trooper Howell impounded the motorcycle following the stop. *Id.*, ¶ 5. Sergeant Spargur sought and obtained a search warrant for the motorcycle. *Id.* at 3, ¶¶ 7, 8. The search revealed a clear plastic bag containing 52 grams of

---

[1] The following facts are undisputed unless otherwise noted.

methamphetamine, another clear plastic bag containing 93 grams of methamphetamine, and a Smith & Wesson Bodyguard .380 pistol with an extended magazine and nine rounds of ammunition. *Id.*, ¶ 9. Mr. Reynolds was arrested pursuant to a warrant on or about May 5, 2022. *Id.*, ¶¶ 10-11.

A state court determined that the stop of the motorcycle violated the Fourth Amendment and suppressed all the evidence obtained from the search. *Id.* at 4, ¶ 12. The prosecution then dismissed its case against Mr. Reynolds. *Id.*, ¶ 13. Mr. Reynolds retained attorney Michael J. Fairhurst of Kilmer Lane LLP to represent him in asserting civil claims against Sergeant Spargur and Trooper Howell. *Id.*, ¶ 14. On April 24, 2024, plaintiff, the Colorado State Patrol, Sergeant Spargur, and Trooper Howell, through counsel, entered into a tolling agreement (the "Tolling Agreement"). *Id.*, ¶ 15. The Tolling Agreement was drafted by counsel for plaintiff. *Id.* at 5, ¶ 20. The Tolling Agreement states: "This equitable tolling agreement is to run for the period between the date of this letter up to and including 30 days after any party gives written notice that the agreement is terminated." *Id.* at 4, ¶ 16; *see also* Docket No. 33-2 at 1.[2] Pursuant to the Tolling Agreement, Sergeant Spargur and Trooper Howell agreed to "voluntarily waive the defense of timeliness or statute of limitations if litigation is filed after April 26, 2024, but within the time period of tolling as described in this agreement." Docket No. 33 at 4, ¶ 17 (emphasis omitted).

_____

[2] While the parties do not quote every part of the Tolling Agreement in their undisputed facts, they do reference the Tolling Agreement and do not dispute its authenticity. Thus, the Court treats the content of the Tolling Agreement as undisputed. Docket No. 33 at 4, ¶¶ 15-17; Docket No. 39 at 2, ¶¶ 15-17.

On October 31, 2024, Mr. Fairhurst informed Mr. Reynolds that his firm "decided to terminate our representation of you."  Docket No. 33 at 5, ¶ 21.[3]  Mr. Fairhurst told Mr. Reynolds that his firm was "no longer [Plaintiff's] counsel" and that his firm "will not be taking further action on your behalf."  Docket No. 39 at 3, ¶ 2.  Mr. Fairhurst further informed Mr. Reynolds that, once the Tolling Agreement was terminated, he would "only have 30 days to file suit before the statute of limitations passes."  Docket No. 33 at 5, ¶ 22.  On November 1, 2024, Mr. Fairhurst informed counsel for Sergeant Spargur and Trooper Howell that Mr. Reynolds terminated the Tolling Agreement.  *Id.*, ¶ 23.  On November 6, 2024, Mr. Reynolds informed counsel for Sergeant Spargur and Trooper Howell that he was no longer represented by Mr. Fairhurst's firm and would be proceeding pro se.  *Id.*, ¶ 24.  On November 26, 2024, Mr. Reynolds sent an e-mail to counsel for Sergeant Spargur and Trooper Howell, indicating his intent to terminate the Tolling Agreement.  *Id.*, ¶ 25.  On December 30, 2024, Mr. Reynolds filed a complaint in this action.  *Id.*, ¶ 26.  In the operative complaint, Mr. Reynolds asserts claims against Sergeant Spargur and Trooper Howell under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to unlawful seizure and unconstitutional search and under Colo. Rev. Stat. § 13-21-131 for violation of Colo. Const. Art. II, Section 7 for unlawful seizure and unconstitutional search.[4]  Docket No. 19 at 12-19, ¶¶ 50-109.

---

[3] The parties dispute whether this communication had the legal effect of terminating Mr. Fairhurst's representation of Mr. Reynolds.  Docket No. 39 at 3, ¶ 1; Docket No. 41 at 3, ¶ 1.

[4] The operative complaint is the second amended complaint, filed on February 28, 2025.  Docket No. 19.

3

## II.  LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  "A defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law."  *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).  "[W]here a defending party pleads a statute of limitation and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, . . . then the motion for summary judgment should be granted."  *Borum v. Coffeyville State Bank*, 6 F. App'x 709, 711 (10th Cir. 2001) (unpublished) (citation omitted).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

## III.  ANALYSIS

Sergeant Spargur and Trooper Howell argue that Mr. Reynolds's claims are barred by the statute of limitations.  Docket No. 33 at 6.  Conversely, Mr. Reynolds argues that he timely filed his complaint within the statute of limitations.  Docket No. 39 at 1-2.

### A.  Statute of Limitations

The Court will first determine the applicable statute of limitations for Mr. Reynolds's claims.  Mr. Reynolds's claims are brought under 42 U.S.C. § 1983 and Colo. Rev. Stat. § 13-21-131.  Docket No. 19 at 12-19 , ¶¶ 50-109.  Section 1983 does not have a statute of limitations.  *See generally* 42 U.S.C. § 1983.  To determine the

4

statute of limitations for § 1983 claims, courts reference analogous state statutes.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations.") (citations and quotations omitted); *see also Graham v. Taylor*, 640 F. App'x 766, 768 (10th Cir. 2016) (unpublished) ("The statute of limitations for § 1983 actions is borrowed from state statute.") (citing *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)). Here, the appropriate state statute of limitations is determined by reference to § 13-21-131, which provides the closest state law parallel to the § 1983 claims.  *See Shash v City of Pueblo*, 770 F. Supp. 3d 1279, 1307 (D. Colo. 2025) (noting that § 13-21-131 is similar to § 1983).  A civil action filed pursuant to § 13-21-131 "must be commenced within two years after the cause of action accrues."  Colo. Rev. Stat. § 13-21-131(5). Section 1983 claims accrue when "facts that would support a cause of action are or should be apparent."  *Fratus v. DeLand*, 49 F.3d 673,675 (10th Cir. 1995) (citation omitted).  Here, Sergeant Spargur and Trooper Howell's allegedly unconstitutional search and seizure of Mr. Reynolds's motorcycle occurred on April 29, 2022.  Docket No. 33 at 6.  Sergeant Spargur and Trooper Howell allegedly performed a second unconstitutional search on April 30, 2022.  *Id.*  Thus, Mr. Reynolds's claims accrued on April 29 and 30, 2022.   Accordingly, the applicable statute of limitations for Mr. Reynolds's claims would be two years, and would have expired on April 29 and 30, 2024.[5]  The parties entered the Tolling Agreement on April 24, 2024, *id.* at 4, ¶ 15, five days before the statute of limitations would have expired on the claims which accrued

---

[5] The parties do not dispute that the statute of limitations for Mr. Reynolds's claims would have expired on these dates absent the Tolling Agreement.  Docket No. 33 at 6-7; Docket No. 39 at 4.

on April 29, 2022 and six days before the statute of limitations would have expired on the claims which accrued on April 30, 2022.

Mr. Reynolds and defendants interpret the Tolling Agreement differently. Defendants argue that the Tolling Agreement required Mr. Reynolds to file any claims within 30 days of any party terminating the agreement.  Docket No. 33 at 8.  Defendants claim that Mr. Fairhurst terminated the Tolling Agreement on behalf of Mr. Reynolds through his November 1, 2024 email.  *Id.*  According to defendants, Mr. Reynolds filed his complaint on December 30, 2024, more than 30 days after Mr. Reynolds terminated the Tolling Agreement, and his claims are thus barred.  *Id.* at 8-9.  Alternatively, defendants argue that, even if Mr. Fairhurst's email did not terminate the Tolling Agreement, Mr. Reynolds terminated the agreement through his November 26, 2024 email.  *Id.* at 9.  Thus, because this email was sent more than 30 days before the complaint was filed, defendants maintain that Mr. Reynolds's claims are barred.  *Id.*

Mr. Reynolds has a different interpretation of the Tolling Agreement.  He contends that the Tolling Agreement suspended the statute of limitations until 30 days after the agreement's termination.  Docket No. 39 at 5.  Because there were five days remaining on the statute of limitations period at the time the parties entered into the Tolling Agreement, Mr. Reynolds claims that he had 35 days to file his complaint after he terminated the agreement.  *Id.*

### B. <u>Mr. Fairhurst's Authority to Terminate the Tolling Agreement</u>

Mr. Fairhurst purported to terminate the Tolling Agreement on November 1, 2024, the day after he told Mr. Reynolds that he had terminated his representation of Mr. Reynolds.  Docket No. 33 at 5, ¶¶ 21, 23.  Defendants claim that Mr. Fairhurst's

6

termination of the Tolling Agreement was effective, despite Mr. Fairhurst's purported termination of the attorney-client relationship. *Id.* at 8. An attorney's authority to act on behalf of a client, however, ends when the attorney-client relationship is terminated. *See Maples v. Thomas*, 565 U.S. 266, 281 (2012) ("Having severed the principal-agent relationship, an attorney no longer acts . . . as the client's representative."). Courts have held that an attorney-client relationship is terminated when an attorney clearly communicates the termination to his client. *See People v. Heaphy*, 470 P.3d 728, 734, 738 (Colo. O.P.D.J. 2015) (finding that an attorney terminated representation of his client when he sent an email explaining that he could longer assist his client and that he was terminating representation); *Brautigam v. Damon*, 697 F. App'x 844, 847 (6th Cir. 2017) (unpublished) ("The attorney-client relationship is terminated when there is an affirmative act by either party signaling the end of the relationship."); *Hartleib v. Weiser L. Firm, P.C.*, 2019 WL 3943064, at *7 (D. Kan. Aug. 21, 2019) ("best practices generally recommend the clear and unambiguous communication of termination of the attorney-client relationship."); *Quinones v. Miller*, 2003 WL 21276429, at *29 n.49 (S.D.N.Y. June 3, 2003) ("the [attorney-client] relationship can be terminated by the express statement of . . . the attorney.") (citing *SWS Fin. Fund A v. Salomon Bros. Inc.*, 790 F. Supp. 1292, 1398-99 (N.D. Ill. 1992)). The Court similarly finds that, here, Mr. Fairhurst terminated the attorney-client relationship by informing Mr. Reynolds that his firm "decided to terminate our representation of you." Docket No. 33 at 5, ¶ 21. Having terminated his representation of Mr. Reynolds on October 31, 2024, Mr. Fairhurst did not have the authority to bind Mr. Reynolds through his purported termination of the

7

Tolling Agreement on November 1, 2024.  Accordingly, the Tolling Agreement was not
terminated by Mr. Fairhurst.[6]

### C. Interpretation of the Tolling Agreement

Because Mr. Fairhurst could not terminate the Tolling Agreement, the parties
agree that Mr. Reynolds terminated the Tolling Agreement on November 26, 2024. *Id.*
at 9; Docket No. 39 at 5.  Thus, the question is how the Tolling Agreement should be
interpreted.  Under Mr. Reynolds's interpretation, the Tolling Agreement suspended the
statute of limitations, thereby preserving the five days left in the two-year period,
meaning that Mr. Reynolds had 35 days after November 26, 2024, i.e., until December
31, 2024, to file a complaint.  Docket No. 39 at 5.  Under defendants' interpretation, the
statutory period continued to run during the tolling period, giving Mr. Reynolds only 30
days to file a complaint after the November 26, 2024 termination, i.e., until December
26, 2024.  Docket No. 33 at 8.

The Tolling Agreement is a contract and must be interpreted according to the
principles of contract law.  Notably, "state law governs contract interpretation."  *Rifle
Onion Co., LLC v. Hellman*, No. 20-cv-03514-DDD-KAS, 2025 WL 446135, at *4 (D.
Colo. Feb. 10, 2025) (citing *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117
(10th Cir 2010)).  "Because the parties' arguments assume that Colorado law applies,
[the Court] will proceed under the same assumption."  *Grynberg v. Total S.A.*, 538 F.3d
1336, 1346 (10th Cir. 2008) (citation omitted).  Thus, the Court will apply Colorado's

---

[6] Defendants argue that Mr. Reynolds might have solicited Mr. Fairhurst to send
the November 1, 2024 email purporting to terminate the Tolling Agreement.  Docket No.
41 at 3.  This is mere speculation, which cannot create a genuine issue of material fact.
*See Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988).

contract-interpretation principles.  "Under Colorado law, 'a contract must be construed

to ascertain and effectuate the intent of the parties as determined primarily from the

language of the contract.'"  *Gol TV, Inc. v. EchoStar Satellite Corp.*, 692 F.3d 1052,

1055 (10th Cir. 2012) (quoting *East Ride of Fort Collins, LLC v. Larimer & Weld*

*Irrigation Co.*, 109 P.3d 969, 974 (Colo. 2005)).  "'To determine the intent of the parties,

the court should give effect to the plain and generally accepted meaning of the

contractual language."  *Id.* (quoting *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d

692, 697 (Colo. 2009)).  "When determining the plain and ordinary meaning of words,

[courts] may consider definitions in a recognized dictionary."  *Owners Ins. Co. v. Dakota*

*Station II Condo. Ass'n, Inc.*, 443 P.3d 47, 51 (Colo. 2019) (quoting *Renfandt v. N.Y.*

*Life Ins. Co.*, 419 P.3d 576, 580 (Colo. 2018)).  Extrinsic evidence regarding a contract's

meaning is not considered unless the terms are ambiguous.  *Ad Two, Inc. v. City and*

*Cnty. Of Denver ex rel. Manager of Aviation*, 9 P.3d 373, 376-77 (Colo. 2000) ("Absent

such ambiguity, we will not look beyond the four corners of the agreement to determine

the meaning intended by the parties.").

The Tolling Agreement states that it is "an agreement . . . to toll all applicable

statutes of limitations related to any claims Mr. Reynolds may file in federal or state

court against . . . Bradley Spargur and/or Robert Howell."  Docket No. 33-2 at 1.  "The

tolling of a statute of limitations will . . . suspend the running of the limitations period."

*Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (citations omitted).  Black's Law

Dictionary defines "toll" as "([o]f a time period, esp. a statutory one) to stop the running

of."  TOLL, Black's Law Dictionary (12th ed. 2024).  Thus, as a general matter, the

purpose of the Tolling Agreement would seem to be the suspension of the running of

9

the statute of limitations.  Some language in the Tolling Agreement is consistent with this purpose, other language is not.

The Tolling Agreement states that: "This equitable tolling agreement is to run for the period between the date of this letter [April 24, 2024] up to and including 30 days after any party gives written notice that the agreement is terminated."  Docket No. 33-2 at 1.  The term "to run for" is best understood in context as meaning "to continue in force, operation, or production."  *See Merriam Webster Online*, https://www.merriam-webster.com/dictionary/runs (last visited Dec 31, 2025).  Thus, this sentence indicates that the Tolling Agreement continues in operation between April 24, 2024 and up to and including 30 days after any party gives written notice that the agreement is terminated; here, December 26, 2024.  The language suggests that, because the statute of limitations was suspended five days before its date of expiration, Mr. Reynolds had up to and including December 31, 2024 to file a complaint regarding the April 29, 2022 search claims and up to and including January 1, 2025 to file a complaint for the claims regarding the April 30, 2022 search.

However, another sentence in the Agreement suggests that the parties did not contemplate tolling beginning on April 24, 2024.  Although the Tolling Agreement is dated and signed on April 24, 2024, it states that defendants "agreed to voluntarily waive the defense of timeliness or statute of limitations if litigation is filed after April 26, 2024, but within the time period of tolling as described in this agreement."[7]  Docket No.

---

[7] It is likely that the parties meant to write April 29, 2024, which is the date the statute of limitations would have expired absent a tolling agreement, rather than April 26, 2024, which is a date that has no apparent significance.  This explanation is consistent with Mr. Fairhurst's warning to Mr. Reynolds that 30 days was left after termination.  However, whether the statute of limitations was suspended April 26, 2024

33 at 4, ¶ 17 (internal quotations and emphasis omitted). This sentence indicates that defendants waive the statute of limitations defense only if litigation is filed after April 26, 2024, but within the time period of tolling described in the agreement. The "time period of tolling as described in this agreement" is best understood as 30 days after the agreement is terminated since time left in the statutory period is not "described" in the agreement. Thus, this language suggests that, because Mr. Reynolds filed his complaint on December 30, 2024, which is more than 30 days after terminating the Tolling Agreement on November 26, 2024, his complaint was untimely.

The Court finds that the sentences the Court just analyzed are inconsistent with each other and create an ambiguity. The first sentence says that the Agreement "is to run for the period between the date of this letter up to and including 30 days after any party" terminates it, whereas the second sentence conditions the defendants' waiver of the statute of limitations defense on litigation being filed "after April 26, 2024, but within the time period of tolling as described in this agreement." Docket No. 33-2 at 1. Thus, one sentence suggests the tolling of five days remaining in the limitations period and the other contemplates, at best, the tolling of three days remaining or, at worst, no tolling of the remaining three days, but only having 30 days after one party terminates the Tolling Agreement to file suit.

---

or April 29, 2024 is irrelevant. If the statutory period was tolled beginning on April 26, 2024, three days would be left. Mr. Reynolds' December 30, 2024 complaint—filed four days after the 30-day post-termination period expired—would be untimely. If the statutory period was tolled beginning on April 29, 2024, the statute of limitations would have expired, giving Mr. Reynolds exactly thirty days to file the complaint after the Tolling Agreement was terminated.

11

Because the Tolling Agreement is ambiguous, the Court can look to extrinsic evidence to help determine the Tolling Agreement's meaning. *Ad Two*, 9 P.3d at 376-77. It is undisputed that Mr. Fairhurst informed Mr. Reynolds on October 31, 2024 that, once a party terminated the Tolling Agreement, "you will only have 30 days to file suit before the statute of limitations passes." Docket No. 33 at 5, ¶ 22. Mr. Fairhurst drafted the Tolling Agreement, and he is in the best position to know what it means. Although Mr. Fairhurst's warning to Mr. Reynolds about having only 30 days after termination to file suit does not explain the discrepancy between one sentence referring to April 24 and the other referring to April 26, it does clarify that "the time period of tolling described in this agreement" is 30 days after termination, rather than thirty days plus whatever time remained in the two-year limitations period. Thus, the Court finds that Mr. Fairhurst's understanding of the Tolling Agreement that the statute of limitations expires 30 days after a party terminates the Tolling Agreement is the proper interpretation. Accordingly, the Court concludes that Mr. Reynolds's claims are barred by the statute of limitations and that defendants are entitled to summary judgment. Moreover, because plaintiff's claims are barred by the statute of limitations, the Court will dismiss his claims with prejudice.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 33] is **GRANTED**. It is further

**ORDERED** that each of plaintiff's claims is **DISMISSED** with prejudice. It is further

**ORDERED** that this case is closed.

DATED January 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-PAB-NRN

CHRISTOPHER LEE REYNOLDS,

     Plaintiff,

v.

BRADLEY SPARGUR, Colorado State Patrol Trooper, and
ROBERT HOWELL, Colorado State Patrol Trooper,

     Defendants.

---

## FINAL JUDGMENT

---

     In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the Order [Docket No. 42] of Chief United States District Judge Philip

A. Brimmer entered on January 5, 2026, it is

     ORDERED that Defendants' Motion for Summary Judgment [Docket No. 33] is

GRANTED.  It is further

     ORDERED that each of plaintiff's claims is DISMISSED with prejudice.  It is

further

     ORDERED that judgment shall enter in favor of defendants and against plaintiff.

It is further

     ORDERED that defendants are awarded their costs, to be taxed by the Clerk of

the Court, pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is further

ORDERED that this case is closed.

Dated:  January 6, 2026.

FOR THE COURT:

Jeffrey P. Colwell, Clerk

By: _____
     H. Guerra, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03605-PAB-NRN

**CHRISTOPHER L. REYNOLDS,**

Plaintiff,

v.

**BRADLEY SPARGUR**, COLORADO STATE PATROL TROOPER; AND
**ROBERT HOWELL**, COLORADO STATE PATROL TROOPER,

Defendants.

---

NOTICE OF APPEAL

---

Notice is hereby given that Plaintiff, Christopher Reynolds appeals to the United States

Court of Appeals for the Tenth Circuit from this Court's January 5, 2026, Order (ECF 42), granting

Defendants' Motion for Summary Judgment (ECF 33). This Order was designated by the District

Court as a Final Judgment pursuant to F.R.C.P. 58 (ECF 43).

Dated: January 27, 2026

/s/ Jason M. Kosloski
Jason Kosloski (CO Bar # 50214)
KOSLOSKI LAW, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Christopher L. Reynolds*

Case 1:24-cv-03669-RMR-NRN   Document 41   Filed 01/28/26   Page 2 of 2

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, the foregoing **NOTICE OF APPEAL** was filed using

the CM/ECF e-filing system, which sends notice to the following:

Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com
*Attorney for Defendant Spargur*

Scott Neckers
Overturf McGath & Hull, P.C.
625 E 16th Ave.
Denver, Colorado 80203
Tel: (303) 866-9484
san@omhlaw.com
*Attorney for Defendant Howell*

/s/ Jason Kosloski
Jason Kosloski